JULIUS S. COOLEY V. STATE OF NEBRASKA.

FILED JANUARY 9, 1896.    No. 6690.

Contempt: SUFFICIENCY OF COMPLAINT.  A complaint is insuffi-
cient as the foundation of proceedings for constructive contempt
which fails to state the facts constituting the alleged offense, and
showing that the act of the accused amounts to a fraud upon the
court, or tends to hinder or embarrass it in the administration
of justice.

ERROR to the district court for Douglas county.    Tried
below before AMBROSE, J.

*David Van Etten,* for plaintiff in error.

*A. S. Churchill, Attorney General, George A. Day,
Deputy Attorney General,* and *W. W. Slabaugh,* for the
state.

POST, C. J.

This is a petition in error to review a judgment of the
district court for Douglas county whereby the plaintiff in
error was adjudged guilty of contempt of court.    The basis
of the prosecution below is the following order entered by
the district judge on his own motion:

"STATE OF NEBRASKA ⎫
            v.        ⎬
JULIUS S. COOLEY AND  ⎪
    THEODORE GALLIGHER. ⎭

"It now appearing to the court that one Julius S. Cooley
has used fraudulent means and imposed upon Charles J.
Karbach in the obtaining of a certain affidavit of the said
Charles J. Karbach recently filed in case entitled George
A. Hoagland v. Emma L. Van Etten et al., docket X, No.
375, of this court, and it further appearing to the court
that one Theodore Galligher has used fraudulent means
and imposed upon George H. Fitchett and E. C. Garvin,

respectively, in the obtaining of certain affidavits of the said Garvin and Fitchett recently filed in case entitled George A. Hoagland v. Emma L. Van Etten et al., docket X, No. 375, of this court. It further appearing that the said Julius S. Cooley and Theodore Galligher procured the said affidavits of the parties as above set forth, knowing and intending that said affidavits were to be filed in this court to be used upon the hearing of said cause, to-wit, George A. Hoagland v. Emma L. Van Etten, and that the said Galligher and Cooley intended thereby to impose upon this court.

"It is therefore ordered that a *capias* issue forthwith to the sheriff of Douglas county, Nebraska, commanding him to bring the said Julius S. Cooley and Theodore Galligher before this court at 9:30 o'clock Wednesday morning next to show cause why they and each of them should not be punished for contempt of this court.

"G. W. Ambrose,
                              "*Judge.*"

Upon the entry of the foregoing order a *capias* was issued, by virtue of which the plaintiff in error was arrested and at a subsequent day of the term was adjudged guilty as charged in said order and sentenced to imprisonment in the county jail for the period of ten days and to pay a fine of $50, together with the costs of the prosecution. The question of the sufficiency of the said order was raised at every stage of the proceeding and also by the petition in error. It has been frequently said that the proceeding for contempt under our system is in the nature of a criminal prosecution and that the same degree of certainty is required in stating the offense as in prosecutions under the Criminal Code. (*Gandy v. State,* 13 Neb., 445; *Boyd v. State,* 19 Neb., 128; *Johnson v. Bouton,* 35 Neb., 903; *Percival v. State,* 45 Neb., 741; *Hawes v. State,* 46 Neb., 149.) That rule is especially applicable to acts which, although not committed in the presence of the court, tend

to embarrass or prevent the orderly administration of justice and which are known as constructive contempts.

In *Gandy v. State, supra,* it is said : "The proceeding against a party for constructive contempt must be commenced by an information under oath, specifically stating the facts complained of; an attachment may then be issued, or order to show cause." In that case the information, which was prepared and filed by the district attorney, after describing a certain cause then on trial to which the defendant therein was a party, alleged that the said defendant "did wilifully attempt to obstruct the proceedings and hinder the due administration of justice in said suit, then and there depending and on trial as aforesaid before said district court, in this, to-wit: By attempting to procure one George A. Abbott, Jerry Ackerman, and other persons whose names are to this affiant and informant unknown, to unlawfully seek, strive, and attempt to corrupt and influence the jurors, to-wit, * * * in their action, judgment, and decision * * * in said suit." In the opinion reversing the judgment of conviction MAXWELL, J., says: "In the case at bar there is not a single fact alleged showing an attempt on the part of the defendant to improperly influence jurors. That is there is no statement of what he did. The information therefore fails to state an offense."

In *State v. Henthorn,* 46 Kan., 613, the court say: "It is error to issue an attachment, warrant, or order of arrest for an alleged constructive contempt, without an affidavit or information containing a statement of the facts constituting the alleged contempt having first been filed with the court." (See, also, to the same effect, *In re Holt,* 27 Atl. Rep. [N. J.], 909; *Wilson v. Territory,* 1 Wyo., 155; *In re Daves,* 81 N. Car., 72; *Ex parte Wright,* 65 Ind., 508; Rapalje, Contempt, 43.)

We must not be understood as intimating that proceedings for constructive contempt may not be instituted by the court or judge. On the other hand, it is the right, if not

indeed the duty, of the tribunal whose power is defied, or whose process is obstructed, to take notice of that fact without waiting for an informant who is usually more interested in asserting his personal rights than in the vindication of the court. It is probable, too, that an order like that entered in this case is a sufficient foundation for the proceedings; but to have that effect it must contain the allegation essential to confer jurisdiction in a prosecution by affidavit or complaint. When tested by that rule, the order mentioned is clearly insufficient. If this conviction can be sustained, it must be upon the allegation that the accused "has used fraudulent means and imposed upon one Charles J. Karbach in the obtaining of a certain affidavit." Here, as in *Gandy v. State,* there is alleged no facts from which it can be found or inferred as a matter of law that the act of the accused was a fraud upon Karbach, the affiant named, or that its effect was to impose upon or embarrass the court in the administration of justice. Such a statement would be indefensible in an action for relief on the ground of fraud, not to mention a criminal prosecution. The judgment is reversed and the prosecution dismissed.

REVERSED.