## IN RE ODUM.

(Filed October 27, 1903.)

1. CONTEMPT—*Waiver—Affidavits—Evidence.*

> The failure to base proceedings as for contempt on affidavit is waived by the contemnor being sworn and making answer to the contempt.

2. CONTEMPT—*Findings of Court—Trial—The Code, sec. 654, subsec. 3—The Code, sec. 648.*

> It is necessary in contempt proceedings for the trial judge to find the facts and file the same.

ACTION as for contempt against S. R. Odum, heard by Judge *R. B. Peebles* at February Term, 1903, of the Superior Court of SAMPSON County. From a judgment against the defendant he appealed.

*J. D. Kerr* and *G. E. Butler,* for the respondent.
No counsel *contra.*

MONTGOMERY, J. It was said in *In re Deaton,* 105 N. C., 59, that proceedings as for contempt should be based on affidavits. In the case before us that course was not pursued, but the contemnor, Odum, waived any rights he may have had by being sworn, at his own request, and making answer in that form to the charge that he had committed a contempt of the Court. But there is another irregularity in the proceedings which will preclude us from affirming the judgment of the Court below, although from a perusal of the record we are satisfied that the contemnor deserved the sentence which was imposed. His Honor failed to find the facts in the premises at the time he pronounced the judgment. There was evidence and also admissions to the effect that during the trial of a civil action before his Honor *Judge Peebles,* in the Su-

perior Court of Sampson County, at its February Term, 1903, in which the contemnor, Odum, was the defendant, he invited to his home one of the jurymen, Edward S. Herring, and entertained him all night; that he was seen with another one of the jurors, M. R. Mathis, alone and in a secluded place on the next morning before the Court convened; that the action was in debt, and the defendant's plea was that the judgments sued upon were on their face fraudulent and void; that his Honor instructed the jury that there was no evidence of fraud, either upon the face of the judgments or otherwise, and that if they believed the evidence they should find the issues in favor of the plaintiff; that the jury were expected to make a prompt return, but, remaining out some time, they were sent for and asked by the Court what the difficulty was; that Mathis replied that they could not agree as to how they had been instructed to find the first issue; that his Honor told them again that if they believed the evidence to answer the first issue $109.40, and put the amount in pencil on the margin of the paper on which the issues were written; and that in a short while the jury returned with their verdict, and through their foreman, Herring, answered $7.50 to the first issue.

If a finding of these facts had been made upon the evidence, and then a further finding of fact that it was the intention and purpose of Odum to corruptly and unlawfully influence the verdict of Herring and Mathis, we would deem the findings justified by the evidence, and would affirm the judgment. It was a case of unlawful interference with the proceedings in an action, and was punishable as for contempt under subsection 3 of section 654 of The Code.

It is true that in the judgment Odum's conduct was set out, but that was not sufficient. The facts should have been found and filed in the proceedings, especially that fact concerning the purpose and object of the contemnor, and the

judgment should have been founded on those findings. The judgment was in the following words: "It appearing to the Court that the action of Ira L. Kelly, as administrator of T. B. Bird, plaintiff, against Samuel R. Odum and others, defendants, was commenced on the 26th day of February, 1903, and that after the jury were empaneled in said case and charged not to talk about the case among themselves nor allow any one else to talk about it in their presence, the Court took a recess until 9:30 A. M. February 27, 1903, and that Samuel R. Odum carried Edward S. Herring, one of the jurors, on his buggy to Odum's house and kept him there all night, and brought him back to Court on February 27, 1903, and that before Court met on February 27, said Odum and one M. R. Mathis, another juror, were seen walking together through an alley in the town of Clinton. It is, therefore, considered and adjudged that said Samuel R. Odum, Edward S. Herring and M. R. Mathis are in contempt of Court, and it is further considered and adjudged that said Samuel R. Odum and Edward S. Herring be confined in the county for 30 days each, and that said Mathis pay a fine of $20."

Before the act of 1870-'71 (The Code, sec. 648), the matter set out in the judgment would have been a constructive contempt of Court, but that act excluded the offense mentioned in the judgment from the list of contempts by mentioning specifically what acts should thereafter constitute contempt and excluding all other acts.

It is not necessary for us to discuss the appeal of Mathis and Herring, for before the appeal was taken, they had paid into Court the fines imposed by his Honor. A fine of $100 was, after the judgment, imposed upon Herring in lieu of the sentence of imprisonment.

We reverse the action of his Honor with reluctance.

Reversed.