SONA et al. v. ALUMINUM CASTINGS CO.

(Circuit Court of Appeals, Sixth Circuit.    June 13, 1914.)

No. 2459.

1. CONTEMPT (§ 54*)—PROCESS OF ARREST—PRELIMINARY SHOWING.

In general process of arrest for contempt, not committed in the court's presence, can properly issue only on the filing of an affidavit stating the facts positively and in such a way as prima facie to show the commission of a contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 143–149; Dec. Dig. § 54.*]

2. CONTEMPT (§ 54*)—PETITION—FAILURE TO SERVE—EFFECT.

Failure to serve a petition for process to punish respondents for contempt on respondents or their counsel could at most only furnish ground for continuance.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 143–149; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONTEMPT (§ 54*)—PETITION—WANT OF VERIFICATION—WAIVER.

Where a petition for process to punish respondents for contempt in violating a strike injunction, otherwise sufficient, was not sworn to, the lack of verification was not a jurisdictional defect and was waived by respondents' failure to object to it in limine before trial.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 143–149; Dec. Dig. § 54.*]

4. INJUNCTION (§ 230*)—VIOLATION—CONTEMPT—AFFIDAVIT.

An affidavit charging violation of an injunction is only material to procure a preliminary arrest, which cannot be followed by a conviction without further testimony to support the charge.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516; Dec. Dig. § 230.*]

5. INJUNCTION (§ 101*)—STRIKES—PICKETING.

Laborers have an absolute right to quit the service of an employer and by peaceable methods persuade others to do so, but picketing, when accompanied by violence or any manner of coercion or intimidation to prevent others from entering or remaining in the employer's service, is unlawful and may be enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 174, 175; Dec. Dig. § 101.*

Restraining boycotts, strikes, and other combinations by employés interfering with commerce or business, see note to Shine v. Fox Bros. Mfg. Co., 86 C. C. A. 313.]

6. INJUNCTION (§ 230*)—PICKETING—VIOLATION OF STRIKE INJUNCTION.

Evidence held to sustain a finding that respondents, members of a trade union, during a strike were guilty, the one of assault on nonstrikers, the other of unlawful picketing in violation of a strike injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516; Dec. Dig. § 230.*]

In Error to the District Court of the United States for the Eastern District of Michigan; Alexis C. Angell, Judge.

Petition by the Aluminum Castings Company against George Sona and another for violating a restraining order, etc., issued as the result of a strike. There was a judgment finding defendants guilty and imposing punishment of imprisonment upon them, and they bring error. Affirmed.

W. H. Gallagher, of Detroit, Mich., for plaintiffs in error.

S. R. Williams, of Detroit, Mich., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Plaintiffs in error, herein called respondents, were each convicted of contempt in violating, the one a restraining order, the order the restraining order and preliminary injunction issued by the court below in a strike suit in which defendant in error was complainant and a local of the International Moulders' Union and several others including respondent Sudsinski, were defendants. Sona was not a party to the suit. The order under review, which was in a single entry, found: That Sona had notice of the issuance of the restraining order and that Sudsinski was served with both the restraining order and the injunction. That Sona, after such notice, assaulted a named

employé of complainant at a certain time and place "and did him serious bodily harm," and that "such conduct on the part of said Sona was a * * * contempt of this court." That Sudsinski, while guilty of committing no assault, had, with Sona and others to the court unknown, been from time to time prior to the date referred to "guilty of picketing, impeding, and obstructing the streets, alleys, and approaches of the premises of the complainant company in such a manner as to intimidate, threaten, impede, and obstruct the employés of said company," and that "his conduct * * * has been a contempt of the court. * * *" Each respondent received sentence of imprisonment.

The decisive questions are: First, whether the preliminary showing made was a sufficient basis for the order for arrest and for the writ issued thereon, and gave the court jurisdiction over the proceedings; second, whether the court erred in finding Sudsinski guilty upon the evidence submitted.

1. There was filed, as basis for the order for arrest, an unsworn petition of complaint, through its solicitors, charging both respondents with having assaulted four named employés of the petitioner and with "picketing," impeding, and obstructing the streets, alleys, and approaches of plaintiff's premises in such manner as to intimidate, threaten, impede, and obstruct petitioner's employés.

The acts charged in the petition were clearly forbidden by both the restraining order and the injunction. There was also filed with the petition the sworn affidavit of a detective that on a date named both respondents were walking back and forth in front of one of petitioner's plants in company with from 75 to 100 other strikers; and that almost daily since the strike was declared he had seen Sudsinski (whom affiant alleged to be one of the most prominent of the men who regularly did picket duty at this plant), usually accompanied by several other strikers in the vicinity of that plant, walking back and forth in front of it at about the same time the employés of the plant were coming to their work or leaving the factory for their homes. There was also filed at the same time and in the same connection the sworn affidavits of three of the employés alleged in the petition to have been assaulted by respondents, each of whom testified that he was assaulted when in company with the other three, and that each saw one or more of his companions assaulted at the same time and place. Neither of the four gave the names of the assailants, but each stated that he would recognize those who made certain of the assaults, although not knowing their names.

[1] Respondents contend that process of arrest for contempt, not committed in the court's presence, can properly issue only upon the filing of affidavit stating positively the facts and in such way as prima facie to show the commission of a contempt. This is the generally recognized rule, and, for the purpose of this opinion, we may assume, without deciding, that had objection to the sufficiency of the showing been made before going to trial, the objection would have been good. There was a motion to dismiss the proceedings because the petition was not served upon respondents or their counsel. The petition was in

fact actually filed, but seems to have escaped counsel's notice. The assignment relating to this point was not argued in respondent's brief, and we understand is not relied upon.

[2] Indeed, it could not well be, for the failure to serve could, at most, have been ground for continuance only, which was not finally insisted upon. But respondents did not challenge the jurisdiction of the court in any way before going to trial on the ground of an insufficient preliminary showing, or otherwise. Indeed, this objection is not raised by any assignment of error, and we can consider it only by virtue of our rule No. 11 (202 Fed. viii, 18 C. C. A. x), which permits, but does not require, the court to consider a "plain error not assigned."

[3] Had the petition been sworn to, the showing clearly would have been sufficient basis for the process of arrest of both respondents on both charges. Respondents contend, however, that the requirement of showing by sworn affidavit cannot be waived. The authorities cited in support of this proposition do not sustain it; in the case of several of them, no question of waiver is shown by the reported decision to have been in any way presented.[1]

In others it affirmatively appears that the sufficiency of the case made by the moving papers was seasonably challenged, although none of them involved the weight to be given an unsworn petition.[2] Respondents were unquestionably entitled to be informed of the charge made against them, and so clearly and definitely as not only to show prima facie a case against them, but that when arraigned they might know what answer to make and to enable them to prepare their defense. Gompers v. Buck's Stove & Range Co., 221 U. S. 446, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; U. S. v. Cruikshank,

[1] Ludden v. State, 31 Neb. 429, 48 N. W. 61; Hutton v. Superior Court, 147 Cal. 156, 81 Pac. 409; Otis v. Superior Court, 148 Cal. 129, 82 Pac. 853; Russell v. Wayne Circuit Judge, 136 Mich. 624, 625, 99 N. W. 864; Ward v. Arenson, 23 N. Y. Supẽr. Ct. (10 Bosw.) 589.

[2] In Cooley v. State, 46 Neb. 603, 65 N. W. 799, the question of the "sufficiency of the order" to show cause and for arrest was raised "at every stage of the proceeding." In State v. Allen, 14 Wash. 684, 45 Pac. 644, where the judgment and sentence were reversed on appeal for failure in the affidavit to state facts sufficiently showing the commission of an offense, there had been motion to vacate proceedings on the ground of the insufficiency of the affidavit, and it is fairly inferable that such motion was made before the trial. In Wyatt v. People, 17 Colo. 252, 265, 28 Pac. 961, the court declined to consider whether the fact of insufficient affidavit could be waived or cured by answer or other subsequent proceedings; the fact appearing that the judgment was rendered upon pleadings upon which there had been motion to quash. In Early v. People, 117 Ill. App. 608, where judgment was reversed by reason of the insufficiency of the petition, defendants had demurred to the same; their demurrer had been overruled, and they were thereupon arraigned and pleaded not guilty. In State v. Gilpin, 1 Del. Ch. 25, the objection that the affidavit on which the attachment for contempt was issued did not show service of the writ of injunction was raised by an exception to an interrogatory by way of demurrer. In McConnell v. Sweet, 46 Ind. 298, exception was taken to "the sufficiency" of the affidavit, and it is to be presumed seasonably taken. In State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568, respondent excepted at the outset to the jurisdiction of the court. In Cooper v. People, 13 Colo. 337, 373, 22 Pac. 790, 6 L. R. A. 430, respondents seasonably protested against the court's jurisdiction to proceed upon the affidavit for any matter stated therein.

92 U. S. 542, 23 L. Ed. 588. But we think it the rule, amply supported by authority, that by failing, before going to trial, to object to the preliminary showing made as insufficient, the alleged defect was waived.

In People v. Court of Sessions, 147 N. Y. 290, 41 N. E. 700, to an objection that the court obtained no jurisdiction to punish for contempt because the affidavit on which the order to show cause issued was made wholly on information and belief and for other insufficiencies, it was replied:

"The court undoubtedly obtained jurisdiction of the appellants when they appeared before it and were charged with the contempt. The only office of the order to show cause was to bring them before the court; and, if it was issued on an insufficient affidavit, they must now be deemed to have waived the defect by their personal appearance and answer."

In Aaron v. U. S. (C. C. A. 8th Cir.) 155 Fed. 833, 836, 84 C. C. A. 67, 70, it was held that an information in a proceeding for contempt is sufficient if it clearly apprises the defendant of the nature of the charge against him, and that no particular form is essential; the court saying:

"If the information for the writ was defective in matter of form, it should have been taken advantage of by the defendant in proper manner by motion before going to trial. Where the party charged with the contempt appears without objection to the sufficiency of the information and affidavits by appropriate motion, and answers and goes to trial, the objection is deemed as waived."

The petition in that case was attacked as insufficient, among other reasons for failing to recite the terms of the injunction order alleged to have been disobeyed, and it was said that, as the defendant was alleged to have been a party to the injunction order and appeared thereto, he was sufficiently advised of the provisions thereof.

In Morehouse v. Giant Powder Co. (C. C. A. 9th Cir.) 206 Fed. 24, 124 C. C. A. 158, the Aaron Case was cited to the proposition that, in the absence of an objection in limine, the papers are sufficient if they clearly apprise defendant of the nature of the charge.

In Re Deaton, 105 N. C. 59, 11 S. E. 244, it was said that proceedings as for contempt should be based on affidavits.

It was, however, said in Re Odum, 133 N. C. 250, 45 S. E. 569, that the failure to base such proceedings on affidavits is waived by contemnor being sworn and making answer to the contempt. See, also, In re Rice (C. C.) 181 Fed. 217.

[4] This rule, as applied to the facts here, worked no prejudice to respondents. The office of the affidavit was only to procure a preliminary arrest which could not be followed by conviction without further testimony, which was in fact heard by the District Judge in open court, and included the evidence of respondent Sona and another witness for respondents.

So far as concerns the charge of assault, the sworn affidavits lacked the identification of respondents as the assailants; the allegation of the petition, though unsworn, gave notice of complainant's claim of identification. Respecting the charge of intimidating and obstructing employés, the sworn affidavit lacked only: (a) An allegation that the

walking back and forth impeded and obstructed the streets, alleys, and approaches of complainant's premises; and (b) that the manner in which the marching was done was such as to intimidate, threaten, impede, and obstruct employés and those seeking employment. The failure to allege an obstruction would seem an informality in view of the statements of the acts done; and the alleged intimidating effect would largely depend upon inference to be drawn from the narration of the facts and circumstances. Both these defects, so far as they were such, were supplied by the formal language of the petition, and lack of oath as to part of the showing would be scarcely less matter of form than an oath on information and belief merely. We think it clear that the defect complained of was not so far a constitutional infirmity (like a trial by an unconstitutionally organized jury) that it was not subject to waiver. It follows that in our opinion the defect was waived.

As to the sufficiency of the proof to sustain conviction: As to the assault charged against Sona, no question of the sufficiency of the proof could well be made; there was direct testimony thereof. As to Sudsinski, the question, of course, relates only to the charge of obstructing and intimidating. Complainant concedes that the injunction was not intended to restrain peaceable picketing, and the District Judge rightly, as we think, so interpreted the order.

[5] The rule is too well settled to require extended citation of authority that laborers have the right to quit the service of an employer when they choose to do so, and may, by peaceable methods, persuade others to quit such service; but that picketing, when accompanied by violence or any manner of coercion or intimidation to prevent others from entering or remaining in the service of their employer, is unlawful. Union Pacific Railway Co. v. Reuf (C. C.) 120 Fed. 102, 106; Iron Molders' Union v. Allis-Chalmers Co. (C. C. A. 7th Cir.) 166 Fed. 45, 91 C. C. A. 631, 20 L. R. A. (N. S.) 315; Kolley v. Robinson (C. C. A. 8th Cir.) 187 Fed. 415, 417, 109 C. C. A. 247.

[6] The proof was express and undisputed that the plant in question had been regularly picketed for about a month, including the date of the alleged violations. A witness for respondents, who did picket duty, and who was present at the alleged assault, defined picketing as:

"Walking up and down and seeing—stopping and speaking to any strangers that are working in the shop or anybody that tries to go to them, so as to stop them, and speak to them and keep them away from there. We speak to them to have them keep away from the shop and not go in their employ."

There was express testimony that it was the regular practice for picketers to march back and forth in front of the plant for about an hour each morning and evening, including the time when employés were entering and leaving the plant; that Sudsinski was one of the regular and prominent picketers, usually walking with two or three and sometimes about a dozen picketers in a "bunch"; that the picketers marched either in single file or by twos; and that, during this picketing, there were in the immediate vicinity of the plant from 20 to 50 and sometimes 100 people, apparently largely strikers, walking back and forth. The controlling question was one of fact whether this picketing was peaceable or whether, on the other hand, it was cal-

culated to intimidate and obstruct employés. There was testimony tending to show a purpose to intimidate and obstruct. One of the witnesses testified that he had heard some of those so walking around or standing "hollering different things"; that he at one time heard them "call the other men cattle"; and that Sudsinski was in the crowd that particular evening. Respondent Sona, as a witness, admitted that he knew that "there had been a lot of trouble around there"; that he had heard that men had been assaulted on the street cars on their way to work and been pulled off street cars; that he had heard that the company had to protect its men by cooking and serving meals inside the works. (There was express testimony that the employés were boarded by the company after the strike was declared.) Sudsinski would not unnaturally be as familiar with those general conditions as was Sona. The latter and his associates in the alleged assault followed the employés alleged to have been assaulted from the works to the place where the collision occurred. Judge Angell, who presided at the hearing below and who saw and heard all the witnesses, was convinced, as shown by his finding, that the picketing in question was done in such a manner as to intimidate, threaten, and obstruct the employés of the company, and all persons seeking employment from it. In view of the testimony referred to, we cannot say, as matter of law, that the court was not justified in reaching the conclusion arrived at notwithstanding the absence of testimony of actual violence or disorderly conduct on Sudsinski's part. Upon a writ of error, only matters of law are considered. See Bessette v. W. B. Conkey Co., 194 U. S. 324, 338, 24 Sup. Ct. 665, 48 L. Ed. 997. We cannot pass upon the facts. The decision of the court below upon the facts is conclusive as to them, except in the absence of evidence to support the conclusion.

None of the errors assigned are, in our opinion, well taken.

The judgment of the court below is accordingly affirmed.