Civil action commenced 22 April, 1947, to restrain and enjoin the then defendants from unlawful interference with employees and others entering plaintiff's textile manufacturing plant on the outskirts of the city of Rockingham, Richmond County, North Carolina, to work therein, and to do business with plaintiff, heard upon petition to adjudge certain persons, appellants hereinabove named, in contempt for deliberate and willful violation of orders of court.
The underlying factual situation, as shown by the record, follows:
 I
Plaintiff instituted this action on 22 April, 1947, against ninety-seven individual defendants, including Helen M. Cash and Lessie Hinson, who are now appellants, and filed complaint. In the complaint so filed plaintiff alleges, briefly stated, that it owns, and prior to 16 April, 1947, operated a textile manufacturing plant on the outskirts of the city of Rockingham, Richmond County, North Carolina; that the defendants have conspired together and are conspiring together to prevent by unlawful means, as therein set forth, plaintiff from operating its said plant; that employees of plaintiff desire to enter the plant and work therein, and other persons desire to enter the plant and do business with plaintiff, as theretofore; that since 16 April, 1947, as such employees and such persons seek to enter the plant for such purposes, defendants gather in *Page 378 
front of the gates, which constitute the only entrances to the plant, and "there massing themselves solidly in the gates, they forcibly and continuously prevent any person from entering"; that "repeatedly on such occasions since April 16, 1947, . . . employees of the plaintiff have sought to make their way through defendants thus gathered and massed at the aforesaid gates and have been violently pushed back and sometimes thrown to the ground by the defendants, — the defendants meantime shouting and declaring that they will be whatever force necessary, prevent any person whomsoever from working in the plaintiff's plant, until they, the defendants, see fit to permit otherwise" — all as is set forth in the affidavits attached to and made a part of the complaint; that likewise persons desiring to transact business with plaintiff, have been denied entrance to the plant by defendants, — "defendants at such times threatening such persons with violent injury if they persisted in their efforts to enter"; and that by reason of such unlawful acts of defendants, no person has been able, since 16 April, 1947, to enter plaintiff's plant to work therein or to do business with plaintiff to its and their damage for which it and they have no adequate remedy at law. Thereupon "plaintiff prays the court to restrain and enjoin defendants, and each of them, from continuing to commit any of the unlawful acts hereinabove described, and that notice to show cause issue."
The defendants filed answer denying in general the allegations of the complaint, and averred matters in further defense.
After hearing on notice to show cause was issued to defendants, the court being to opinion that a temporary injunction and restraining order should forthwith issue, entered an order under date of 2 May, 1947, in which it is "ordered, adjudged and decreed that the defendants, and each of them, until the merits of this cause are determined and until this court orders otherwise, are hereby enjoined and restrained:
"From interfering in any manner with free ingress and egress to and from the plaintiff's premises.
"From assaulting, threatening, abusing or in any manner intimidating persons who work or seek to work in the plaintiff's plant.
"The things which the defendants are above enjoined and restrained from doing, they, and each of them, are likewise enjoined and restrained from aiding or procuring or causing to be done.
"The court does not at this time limit the number of persons who may act as pickets but reserves the right to do so if, in its opinion, such action becomes appropriate."
Each of defendants named in the order excepted thereto and, in open court, gave notice of appeal to the Supreme Court. The appeal, however, was not perfected. *Page 379 
 II
Thereafter, on 16 May, 1947, plaintiff entered a motion in the cause in Superior Court for an order to amend the order of 2 May, 1947, limiting the number of pickets at or near the entrance to plaintiff's plant, and for an order making one hundred and thirteen other persons, including respondents Agnes Odom, Evelyn Patrick, Estelle (Bessie) Eubanks, Bettie (Nettie) Russell and Annie I. (Isabel) Webster, additional parties defendant in this action, and subject to the court's order of 2 May, 1947, with the amendment so prayed. The motion set forth that the temporary injunction and restraining order issued by the court on 2 May, 1947, as aforesaid, is not being respected and obeyed, but has been and is being willfully disobeyed and violated by eighty of defendants named, — in that when employees desiring and seeking to enter the gates and work in plaintiff's plant, they, with one hundred and thirteen other persons above referred to, gather in large groups and crowds and, arranging themselves into close formation and continuously march to and fro in front of said gates in such manner that two lines of them, moving in opposite directions, sometimes double file, thereby blocking all entrance to the plant from any angle or approach, and that though some of the employees have jumped, pushed and squeezed through these close marching picket lines and gained entrance, they have come in rough physical contact with the pickets, and some of them, as they thus seek to get through the picket lines, have been tripped, shoved and kicked. Supporting affidavits, one signed by 369 employees of plaintiff and another signed by 71 employees of plaintiff, were filed. Also there were filed an affidavit of a common carrier of freight, by motor vehicle, that two of his trucks loaded with manufactured cloth and operated by his driver, had been for two days blocked by pickets massed at the gates, and not allowed to leave the premises, and a letter from representative of another common carrier, by rail, sworn to as an affidavit, to the effect that a locomotive engine with two loaded cars were prevented by pickets on two occasions from entering plaintiff's premises to deliver the freight, — describing in detail the incidents; that the pickets were belligerent and threatened violence to the train crew; and that on 9 May, 1947, superintendents of the Railroad Company, pursuant to pre-arranged engagement met with representatives of the Textile Workers Union of America, CIO, Mr. C. R. Thomas, who had stated that he was in charge of the pickets, Mr. L. L. Shepherd and a Union committee consisting of five or six additional persons, in an effort to persuade the Union representatives to permit the Seaboard train to enter the premises as a common carrier under legal duty to deliver goods and property consigned to it for transportation. Their efforts were unavailing. *Page 380 
The court, acting upon the verified motions with affidavits attached thereto and further affidavits filed by plaintiff and defendants, and after having heard full argument of counsel for plaintiff, and of counsel for defendants, and reciting that the court in its order of 2 May, 1947, had reserved the right to limit the number of persons who might act as pickets at or near the plaintiff's premises, being of opinion and finding as a fact that such limitation should now be made, ordered, adjudged and decreed, under date of 17 May, 1947:
"That the temporary injunction and restraining order issued by this court on May 2, 1947 be, and it hereby, is, altered and amended so that its restraining and enjoining provisions shall read" in part pertinent to this appeal:
"That the defendants and each of them, until the merits of this cause are determined and until the court orders otherwise, are hereby enjoined and restrained as follows: (Provisions limiting area in which peaceful picketing may be carried on and the number of pickets permitted are set forth, and then these):
"None of the defendants shall interfere in any manner with the free ingress and egress of any person to and from the plaintiff's premises.
"None of the defendants shall anywhere assault, threaten, abuse or in any manner intimidate any person who works or seeks work in the plaintiff's plant, or who does or seeks to do business with the plaintiff.
"The things which the defendants are thus enjoined and restrained from doing they, and each of them, are likewise enjoined and restrained from aiding or procuring or causing to be done."
And the court also ordered (1) that others, sought to be made parties defendant in this action, who have not been served with process herein and for whom appearance has not been made, be and they are joined as additional parties to this action, and that they be served forthwith "with summons, copies of plaintiff's complaint, copies of the court's order of May 2, 1947, copies of the plaintiff's motion herein referred to, and copies of the present order"; and (2) that "said additional parties defendant, and each of them, are hereby enjoined and restrained identically as set for the above in this order; and (3) that as to such additional parties defendant, this order is made returnable at the May 26, 1947 Term of Richmond County Superior Court, to the end that they, if they so desire, maybe heard as to whether this order shall also as to them be continued until final determination of the merits in this cause."
(Note: Counsel for plaintiff and counsel for defendants in the contempt proceeding in this cause agree "that the foregoing summons for relief dated May 16, 1947, and motion of plaintiff heard May 17, 1947, were not served on the following defendants prior to or on May 17, 1947, and that no appearance was made by or for any defendant not served in *Page 381 
the hearing and upon the plaintiff's motion of May 17, 1947; Bessie Eubanks, Agnes Odom, Isabelle Webster, Nettie Russell, Elsie Stubbs, Evelyn Russell Patrick, Ed James, Jr., Jim Bullard, Sidney Driggers; and that none of the following defendants were named in the aforesaid summons, motion nor in the foregoing order signed on May 17, 1947: Elsie Stubbs, Ed James, Jr., Jim Bullard, Sidney Driggers.")
 III
Thereafter it being made to appear to the court, by motion of plaintiff, verified 27 May, 1947, and by affidavit of representatives of the Seaboard Air Line Railroad (1) that not only are many of defendants herein violating the court's orders as set out in the previous motion filed by plaintiff, but more recently large numbers of other persons were appearing at and near the gates of plaintiff's plant, and have been and are engaged in the same acts which the court has prohibited the defendants from engaging, and have been and are continually interfering with the free ingress and egress to and from the plaintiff's premises of persons who seek to work in the plaintiff's plant and persons who seek to transact lawful business with the plaintiff, and have been and are continually threatening, abusing and intimidating persons who seek to work in plaintiff's plant, and persons who seek to transact lawful business with plaintiff; (2) that such other persons and the defendants are members of, or affiliated in common with, an unincorporated association or organization known as the Textile Workers Union of America, CIO, and their engaging in the same and similar acts above is caused and brought about by their joint association or membership in the said organization, which acts are "co-ordinated, planned and directed by the said labor organization, its officers, agents, representatives, members and associates," naming some of them, the court, Edmundson, S. J., under dated on 27 May, 1947, ordered: (a) That the Textile Workers Union of America, CIO, and certain and named persons individually and in their capacities as representatives of said organization "be and they are hereby" joined as additional parties defendant to this action and shall be forthwith served with a summons, copies of plaintiff's complaint, copies of the plaintiff's motion, and copies of the court's order; (b) that defendants and the additional parties defendant above named and all officers, agents, representatives, members and associates of the Textile Workers Union of America, CIO, and all other persons whomsoever are, until the merits of this cause are determined and until the court orders otherwise, hereby enjoined and restrained as follows, to the same extent as defendants were enjoined and restrained in the said order of 17 May, 1947. And the court further ordered that as to such new parties defendant the order be returnable before the court on 16 June, 1947, to the end that they, if *Page 382 
they so desire, may be heard as to whether the order as to them shall be continued until final determination of the merits in this cause.
And the court further ordered that the sheriff of Richmond County post copies of this order in conspicuous places at and in the vicinity of plaintiff's plant. (There is evidence that approximately a dozen copies were posted within two days after the order was issued — on the gates, on the front of the store, on a tree in front of the store, and a tree and a post near the railroad gate — all around — where they could be seen very well.)
Counsel for plaintiff, and counsel for defendants, appellants, stipulate that the hearing before Edmundson, S. J., on 27 May, 1947, was in open court at regular May 26, 1947, Term of Superior Court of Richmond County; that the cause came on for hearing at said time by reason of the fact that the order of 17 May, 1947, as to the additional parties defendant named therein was made returnable to said term of court, and also by reason of the fact that all defendants who had theretofore been served with process, or for whom appearance had theretofore been made, were moving the court to dismiss the aforesaid order of 17 May, 1947; and that counsel appearing for said defendants at said hearing on 27 May, 1947, was duly served in open court with a copy of plaintiff's motion of 27 May, 1947, and said counsel argued said motion on behalf of all defendants who had theretofore been served and who had theretofore made appearances, as hereinabove pointed out, and counsel likewise argued said motion with respect of all the provisions requested by plaintiff, including the provisions which would affect persons who had not been served with process in the cause, that is "all officers, agents, representatives, members and associates of the Textile Workers Union of America, CIO, and all other persons whomsoever."
On 16 June, 1947, the Judge Presiding at June Term, 1947, of Richmond County Superior Court continued the preliminary order, and the hearing on preliminary order of Edmundson, S. J., to and to be heard at July Term of said court.
 IV
Thereafter plaintiff represented to the court, by petition verified 13 July, 1947, by Alex S. Moore, an officer of plaintiff, its assistant secretary:
"1. That the orders issued by this Court in this cause have been and are being deliberately and willfully violated;
"2. That the individuals hereinafter named are known to the plaintiff to have violated the same orders in that they have deliberately and willfully interfered with the free ingress and egress of persons to and from the plaintiff's premises and have deliberately and willfully threatened, intimidated, and assaulted persons who work or seek to work in the *Page 383 
plaintiff's plant; that more particularly, in the course of such interference, threats, intimidations, and assaults:
"a. Bessie Eubanks on July 8, 1947, assaulted Agnes Grant.
"b. Lessie Hinson on July 8, 1947, assaulted Agnes Grant; and on July 10, 1947, threatened and intimidated Myrtie Flowers Martin.
"c. Agnes Odom on July 8, 1947, assaulted Agnes Grant; and on July 10, 1947, threatened and intimidated Myrtie Flowers Martin; and on July 11, 1947, threatened and intimidated Helen Thorpe.
"d. Isabelle Webster on July 8, 1947, assaulted Agnes Grant; and on July 10, 1947, threatened and intimidated Viola Forbis Carpenter.
"e. Nettie Russell on July 8, 1947, threatened and intimidated Agnes Grant, and on July 11, 1947, assaulted Helen Thorpe.
"f. Elsie Stubbs on July 8, 1947, assaulted Mr. and Mrs. Dan Campbell; and on July 10, 1947, assaulted Myrtie Flowers Martin; and on July 10, 1947, threatened and intimidated Opal Therrell.
"g. Helen Cash on July 10, 1947, threatened and intimidated Myrtie Flowers Martin; and on 10 July 1947, threatened and intimidated Eula Willard.
"h. Evelyn Russell Patrick on July 11, 1947, assaulted Helen Thorpe.
"i. Ed James, Jr., on July 8, 1947, threatened and intimidated Agnes Grant and Ed Grant; and on July 8, 1947, assaulted Agnes Grant.
"j. Jim Bullard on July 8, 1947, threatened and intimidated Agnes Grant; and on July 12, 1947, assaulted George Long.
"k. Sidney Driggers on July 12, 1947, assaulted George Long."
And thereupon plaintiff prayed that the persons named be adjudged in contempt of court and punished as the court in its discretion may see fit, and that forthwith an order be issued directing the said persons to appear before the court to show cause, if any they have, as to why they should not be so adjudged and punished.
The court, Rousseau, J., Presiding, under date 14 July, 1947, issued an order to the persons named in the petition next above set forth, to appear before the court at the County Courthouse in Rockingham, N.C. on 16 July, 1947, at 9:30 o'clock a.m., or as soon thereafter as they may be heard, and show cause, if any they have, as to why they and each of them should not be adjudged in contempt of court and punished therefor; and further ordered that the order be served in manner specified.
The persons named in said order entered a special appearance on 16 July, 1947, for the purpose of making motion to dismiss the petition to adjudge in contempt for that the court has not in this action properly acquired jurisdiction over their persons nor over matters attempted to be presented thereby; for that the "petition to adjudge in contempt is based upon or purports to be based upon affidavit of Alex S. Moore, which affidavit is upon information and belief, and which is wholly insufficient *Page 384 
upon which to base proceeding for contempt as herein attempted." The motion was denied, and each respondent excepts. Exception 1.
Thereupon, hearing on plaintiff's petition was had on July 16 and 17, 1947. Evidence was offered by plaintiff, and by respondents. Each of the respondents, except Sidney Driggers, testified. The evidence offered by plaintiff tends to show that the acts of assault and intimidation of persons named, as charged against respondents, were because such persons were working in plaintiff's plant, and with a view to preventing them from so working. Respondents took numerous exceptions in the course of the hearing, including exceptions to denial of their respective motions for judgment as of nonsuit.
The court, having heard and considered the evidence as appears of record, and found as a fact as to each defendant that he, or she as the case may be, has willfully violated the injunctive orders of this court in this cause under the circumstances and conditions shown by the evidence respectively, as follows:
1. Helen Cash — by intimidating Myrtie Flowers Martin and Eula Willard.
2. Jim Bullard — by assaulting George Long and intimidating Ed Grant and Agnes Grant.
3. Evelyn Russell Patrick — by assaulting Helen Thorpe.
4. Elsie Stubbs — by assaulting Myrtie Flowers Martin and Mrs. Dan Campbell and by intimidating Opal Therrell.
5. Agnes Odom — by assaulting Agnes Grant and intimidating Myrtie Flowers Martin and Helen Thorpe.
6. Isabelle Webster — by assaulting Agnes Grant and by intimidating Viola Forbis Carpenter.
7. Nettie Russell — by intimidating Agnes Grant and by assaulting Helen Thorpe.
8. Lessie Hinson — by assaulting Agnes Grant and by intimidating Myrtie Flowers Martin.
9. Bessie Eubanks — by assaulting Agnes Grant.
10. Sidney Driggers — by assaulting George Long.
11. Ed James — by assaulting Agnes Grant and intimidating Ed Grant and Agnes Grant.
Thereupon, the court, in a separate judgment as to each defendant, adjudged (1) that he, or she as the case may be, is in contempt of court; and (2) that as to defendants Helen Cash, Evelyn Russell Patrick, Elsie Stubbs, Agnes Odom, Isabelle Webster, Nettie Russell and Bessie Eubanks, each be punished for her said contempt by being imprisoned in the common jail of Richmond County for a period of twenty (20) days and that she pay a fine of One hundred ($100) Dollars; and (3) that as to defendants Jim Bullard, Sidney Driggers and Ed James, each be punished *Page 385 
for his said contempt by being imprisoned in the common jail of Richmond County for a period of thirty (30) days and that he pay a fine of One Hundred and Fifty ($150) Dollars; and (4) that as to defendant Lessie Hinson, she be punished for her said contempt by being imprisoned in the common jail of Richmond County for a period of thirty (30) days, — this prison sentence is suspended upon her paying a fine of One Hundred ($100) Dollars plus the costs of the entire proceedings wherein Bessie Eubanks, and other defendants above named, have been adjudged in contempt of the court.
"To the judgments rendered, each and every of the eleven defendants except and appeal to the Supreme Court of North Carolina"
It is appropriate to note, in summary, that the contempt proceeding against respondents, appellants in this Court, arises out of a principal action in which Superior Court judges, presiding over Superior Courts of Richmond County, courts of competent jurisdiction, successively issued three injunctive orders for the purpose of protecting persons who desired to work, and who had a right to work, if they so desired, in plaintiff's plant. And while the orders are by their terms temporary and effective only until final trial of the cause, they are lawful orders of a court of competent jurisdiction. Any person guilty of willful disobedience of such order may be punished for contempt of court. G.S., 5-1. Nobles v.Roberson, 212 N.C. 334, 193 S.E. 420; Elder v. Barnes, 219 N.C. 411,14 S.E.2d 249.
The power of courts to compel obedience to their orders lawfully issued is essential to their jurisdiction and the maintenance of judicial authority. Cromartie v. Comrs., 85 N.C. 211; Elder v. Barnes, supra.
It is apparent from the record on this appeal that the courts proceeded with patience and moderation, and that the contempt proceeding was resorted to only after moderate means had failed, — in that the lawful orders of the court were being willfully disobeyed.
On this appeal appellants, as challenge to the judgments holding them in contempt for willful violation of the injunctive orders of the court, present six questions, neither of which is tenable. We treat them hereseriatim, as follows:
The first point presented brings into question the denial of respondent's motion, made on special appearance for the purpose, to dismiss the said petition to adjudge in contempt for that the court has not thereby acquired jurisdiction of the persons of the respondents or of the subject matter attempted to be presented thereby in that it is verified upon *Page 386 
information and belief. In this connection while "proceedings" as for contempt should always be based upon affidavit, In re Deaton, 105 N.C. 59,11 S.E. 244, the record in the case in hand discloses that the petition is verified in accordance with the form prescribed by statute, G. S., 1-145, for the verification of pleading in a court of record, that is, "that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true." And the facts set forth in the petition, as shown in the record, do not appear to be "matters stated on information and belief," but are stated to be within the knowledge of the person making it.
Hence we hold that the verification is sufficient to meet the requirement of legal procedure in contempt proceedings. However, if such were not the case, each of the respondents, except Driggers, waived any rights he or she may have had, if any, in this respect, by being sworn, at his or her own request, and making answer in that form to the charge of contempt of court so preferred against him or her. In re Odum, 133 N.C. 250,45 S.E. 569.
The second question presented by respondents, the appellants, challenges the competency of certain testimony of witnesses, admitted over their objection, during the hearing on notice to respondents to show cause why they should not be adjudged in contempt of court in the respects set out in the petition initiating the contempt proceedings.
In this connection, the record on this appeal shows that during the course of the said hearing before the judge below, on said notice to show cause, respondents, appellants, entered numerous exceptions, thirty-six or more, to the admission of evidence, all of which are grouped in the assignments of error and debated in their brief filed in this Court. However, the record also shows that there is no exception to any finding of fact made by the court, as set out in the several judgments entered in Superior Court. An exception to each of the judgments so rendered does appear. In the light of this situation of record, the exceptions to the evidence offered are ineffectual. See Smith v. Davis, ante, 172, and cases there cited.
Nevertheless, it is appropriate to say that on examination the exceptions to the admission of testimony, to which they relate, are found to be without merit. See S. v. Smith, 221 N.C. 400, 20 S.E.2d 360, and cases cited. There this Court, speaking to the subject of a conspiracy to accomplish some unlawful purpose, repeated a well settled principle of law, that "the acts and declarations of each conspirator, done or uttered in furtherance of the common illegal design, are admissible in evidence against all. S. v. Ritter, 197 N.C. 113, 147 S.E. 733. `Every one who enters into a common purpose or design is equally deemed *Page 387 
in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any of the others, in furtherance of such common design.' S. v. Jackson, 82 N.C. 565; S. v.Anderson, 208 N.C. 771, 182 S.E. 643."
Moreover, the evidence so admitted tends to show, in the main, the state of mind and animus of those in the crowds of which respondents were a part, as bearing upon the question as to whether the acts, with which respondents are charged, were done with knowledge of, and in willful violation of the order of injunction against interference with those who wished to enter the plant of plaintiff for work.
The third and fourth points raised by respondents, appellants, are that the court erred in overruling their separate motions for judgment as of nonsuit. In this connection respondents, appellants, consider the evidence as it relates to each of them as incidents isolated from and disconnected with the matters to which the court orders of injunction pertain, — contending that at most each might be guilty of some criminal offense. The scope of the evidence as shown in the record is not so limited. The facts found by the judge are supported by the evidence as so shown, and are sufficient to constitute contempt of court, and to sustain each of the several judgments against the individual respondents.
The fifth and sixth questions relate to, and challenge the legality of the several judgments rendered against respondents individually and separately upon numerous grounds. We have carefully considered each, and find only these to merit treatment:
It is contended that the orders, upon the contempt proceedings is based, are void and of no effect in that the order of 17 May and the order of 27 May are amendments to the original order of 2 May, and were entered after an appeal from the order of 2 May had been taken to, and was pending in the Supreme Court. In this connection, there is in this State a statute, G.S.,1-294, formerly Code 558, Revisal 602, C. S. 655, which provides that "when an appeal is perfected as provided by this article (civil procedure on appeals) it stays all further proceedings in the court below upon the judgment appealed from or upon the matters embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from . . ."
In construing this statute, this Court, in the case of Herring v. Pugh,126 N.C. 852, 36 S.E. 287, a proceeding in contempt, after referring to the general rule that the effect of an appeal from a final judgment is to remove the cause into another jurisdiction, that of the appellate court, had this to say: "But there are powers of the court in which the judgment was originally rendered in the nature of auxiliary agencies that can be exercised in furtherance of the object of the suit." and, continuing, *Page 388 
the Court said: "And besides Section 558 of the Code is itself in language too plain to admit of doubt that the court in which the judgment was rendered still retains jurisdiction to hear motions and grant orders, except such as concern the subject matter of the suit." Compare Combes v.Adams, 150 N.C. 64, 63 S.E. 186, where Hoke, J., writing for the Court, states the principle conversely: "While the Court has held that an appeal from an interlocutory order leaves the action for all other purposes in the court below, the decision is also to the effect that the disposition of the interlocutory order and all questions incident to and necessarily involved in the ruling thereon are carried by the appeal to the appellate court."
Moreover, this Court held in the case of Green v. Griffin, 95 N.C. 50, in an opinion by Smith, C. J., that appeals from interlocutory or subsidiary orders, judgments and decrees made in a cause, carry up for review only the ruling of the court upon that specific point, and that the order or judgment appealed from is not vacated.
In the light of the statute and of these decisions of this Court in respect thereto, it is noted (1) that in the order of 2 May, 1947, the court expressly reserved the right to limit the number of persons who might act as pickets, if, in its opinion, such action should become appropriate; (2) that in the order of 17 May the court acted in accordance with such reservation, and made the limitations imposed apply alike to original defendants and to persons made additional defendants at that time; (3) that the orders of 17 May and 27 May did not change in substance the injunctive provisions of the order of 2 May, but only enlarged the number of persons to whom those provisions should apply; and (4) that all three orders are interlocutory, pending final hearing. Manifestly, the action of the court in making these orders is in full accord and in keeping with the provisions of the statute and decisions of this Court.
Furthermore, the appeal taken to the order of 2 May was not perfected, and on motion duly made, in this Court, has since been dismissed.
It is next contended that the court below failed to make sufficient findings of fact against each respondent to support a judgment of contempt. As to this, it is a well settled principle of procedure that in contempt proceedings the facts upon which the contempt is based must be found by the court, especially the facts concerning the purpose and object of the contemnor, and the judgment must be founded on these findings. In re Odum,supra; In re Hege, 205 N.C. 625, 172 S.E. 345.
Applying this principle to each of the judgments involved on this appeal it appears that the findings of fact are sufficient, and the judgment is founded on such findings. It appears in each judgment that the cause was heard upon plaintiff's petition, and the petition specifies the provisions of the injunctive orders with the violation of which respondents *Page 389 
are charged. Evidence, as appears of record, was heard and considered. And the court finds as a fact that each respondent has willfully violated the injunctive orders of the court in this cause by assaulting or intimidating, or both, particular person, or persons, under the circumstances and conditions shown by the evidence. And the evidence to support the finding is ample.
It is further contended in effect that this contempt proceeding is of criminal nature, and is governed by the rules of procedure and the law applicable to criminal prosecutions, and hence the judgments rendered under the circumstances of this proceeding exceed the jurisdiction of the court. As to this contention, in this State a contempt proceeding is authorized by statute, G.S., 5-1. This Court has described it as sui generis, criminal in its nature, which may be resorted to in civil or criminal actions. In reHege, supra. And it is held that persons charged are not entitled to a jury trial in such proceeding. In re Gorham, 129 N.C. 481, 49 S.E. 311.
Finally, careful consideration of all assignments of error, and of the argument advanced by respondents fails to show error in the judgments from which appeals are taken.
Affirmed.