BESSIE E. S. FLACK v. H. M. FLACK et al.

(Filed 15 December, 1920.)

1. **Courts—Contempt—Judgments—Orders—Divorce—Marriage.**

Where the court of record, having jurisdiction of the cause and the parties, enters judgment for an absolute divorce in the wife's favor, in her action, and awards the children of the marriage to her care and custody, it may adjudge the defendant in contempt, or as for contempt of court, in the exercise of its legal and equitable powers, for concealing one of the children so as to prevent the sheriff from carrying into effect the order of the court, rendered at a subsequent term, to deliver the child to the plaintiff, and commit the offender to jail until he shall desist therefrom, and give to the sheriff the information found to be within his knowledge or command, that would enable him to carry out the order of the court under the execution.

2. **Appeal and Error—Divorce—Courts—Contempt—Judgments—Orders —Evidence.**

Where there is no exception to the form of an order of court adjudging the defendant in contempt, or as for contempt in resisting a judgment, in an action wherein an absolute divorce has been granted the wife with the award to her of the children of the marriage, nor to the sufficiency of the findings to sustain the judgment, the action of the trial judge will not be disturbed on appeal when there is any evidence to support it.

PROCEEDINGS for contempt, or as for contempt, heard before *Harding, J.,* holding the courts of Eighteenth Judicial District, at the courthouse at Hendersonville, N. C., 6 August, 1920, the charge being that H. M. Flack, defendant, Sallie Flack, his mother, etc., in disobedience of the decrees and orders of the court made in the cause awarding the minor children of the marriage to plaintiff was willfully disobeying and obstructing and hindering the due execution of said orders and decrees in reference to Frank Flack, minor, etc., and so guilty of contempt of court, etc. On the hearing the court, on full finding of the facts, adjudged that said H. M. Flack was guilty as charged, and that he be imprisoned till compliance with the orders be shown, etc. From this judgment defendant appealed.

*Smith, Shipman & Arledge for plaintiff.*
*McD. Ray and W. C. Rector for defendant.*

HOKE, J. From the findings of fact it appears that heretofore, at June Special Term, 1920, in action duly instituted and tried in the Superior Court of Henderson County, before his Honor, B. F. Long, judge, and a jury, plaintiff was granted an absolute divorce from defendant, and the care and custody of the children of the marriage, to wit, Margaret

E. Flack and Frank Flack were awarded to plaintiff, the mother—Margaret E., being already in care and control of the mother, the order as to Frank Flack, then in care of defendant, was made and embodied in the court's decree in terms as follows: "And it is further ordered and decreed that the sheriff of Henderson be and he is hereby directed to place said Frank Flack in the custody of said Bessie E. Flack, plaintiff, and the said defendant, H. M. Flack deliver the custody of the said Frank Flack to the said Bessie E. Flack, together with the wearing apparel," etc.

(Signed)                                        B. F. LONG, *Judge.*

That on execution duly issued from the Superior Court of Henderson County containing a copy of said decree and order placed in his hands, the sheriff of Henderson County had made diligent effort to carry out the orders and decrees of the court in reference to said Frank Flack, and had been unable to carry out or comply with the same by reason of the willful hindrance and interference of said H. M. Flack, defendant, the facts more directly pertinent as to the disobedience and misconduct of said defendant being set forth in the present judgment of his Honor in terms as follows: "That the trial of this case upon its merits was concluded on Saturday of the last week of the June Special Term, 1920; that after the jury had rendered their verdict and delivered to the court the issues set out in the record, and after the judgment had been signed, court adjourned for the term, which was sometime between sunset and dark of that day. That on Saturday morning, when the defendant H. M. Flack, and Sallie Flack left their home several miles in the country from Hendersonville, they left the boy Frank Flack, the infant son of the plaintiff and defendant, at the home of H. M. and Sallie D. Flack, asleep in bed, and came to court; immediately upon the return that day to their home, after court had adjourned and judgment had been signed, the said Frank Flack was taken, by the defendant, H. M. Flack, and his mother, or by some one acting for them and with their knowledge and consent, from the home of H. M. Flack, and they have since that time procured that infant Frank Flack to be concealed for the purpose of preventing the sheriff of Henderson County from finding the said Frank Flack, and from executing the process of the court directing him to take into his custody the said infant child and deliver it to his mother; that the said H. M. Flack and his mother, Sallie, know where the child is, or if at the moment of this hearing they do not know definitely the spot where the child is, they have information upon which they can easily ascertain the location of the child, and deliver him to the sheriff of Henderson County for the purpose of carrying out the orders of the court. That at the time the judgment was signed decreeing the custody of said child to its mother the child was at the home of H. M. Flack, the defend-

ant in this case, and when the sheriff under process of this court demanded of the defendant and his mother the custody of said child, they refused, and now continue to refuse, to deliver the custody of said child, and refused, and now continue to refuse, to give the sheriff any information upon which he may be able to locate said child and deliver it to its mother and carry out the orders and judgment of this court. Said H. M. Flack, by reason of his refusal to deliver the custody of the said child to the sheriff of said county, and by reason of his refusal to give the sheriff information upon which he may be able to carry out the process of the court, is in willful disobedience of the processes and lawful orders issued by this court, and is resisting willfully an order and process of this court."

Upon these facts the court, on the present hearing, adjudged that defendant was in contempt of court and willful disobedience of the decrees and orders in the cause and resistance thereto, and that he be imprisoned till compliance be shown, etc. And we are of opinion that there is no error in the proceedings that gives the defendant any just grounds of complaint. As incident to the trial of the action of divorce, the court, having jurisdiction of the cause and the parties, was fully empowered to make such disposition as to the care and custody of the children as the right and justice of the case might require. And as a court of record, having general jurisdiction of law and equity, and of the cause in which the original judgment was rendered, it had on the present hearing full power to enforce obedience to its orders and decrees by proceedings for contempt, or "as for contempt," a power also recognized and confirmed by our statutes appertaining to the subject. *Cromartie v. Comrs.,* 85 N. C., 215; Rev., 615, 684, 944, subsec. 7.

As we understand the record, there is no exception made to form of the order, nor is it contended that his Honor's findings are insufficient to sustain the judgment rendered, the objection being that these findings are not sustained by the affidavits and evidence submitted at the hearing. On that question our decisions hold that the "action of his Honor will not be reviewed on appeal when there is any evidence to support it." *Lodge v. Gibbs,* 159 N. C., 66, citing *Green v. Green,* 130 N. C., 578; *In re Deaton,* 105 N. C., 59; *Young v. Rollins,* 90 N. C., 125. The same position is approved in *Ex parte, McCown,* 139 N. C., 95. In that aspect of the matter, we have given the record very careful consideration, and are of opinion that the findings of his Honor are amply sustained, and his conclusions and judgment both of law and fact should be

Affirmed.