THE BANK OF ZEBULON v. M. S. CHAMBLEE ET AL.

(Filed 22 October, 1924.)

1. **Contempt—Clerks of Court—Supplementary Proceedings.**

    Where in supplementary proceedings the defendant has willfully disobeyed an order of the clerk of the Superior Court having jurisdiction, in disposing of his property, he is in contempt of court under the provisions of C. S., 978, 981.

2. **Same—Appeal and Error.**

    An adjudication or contempt of court not committed within the immediate presence or verge of the court is appealable. C. S., 979.

3. **Same—Findings—Evidence—Inferior Courts—Review.**

    While the facts found by the Superior Court in an attachment for contempt when supported by evidence are conclusive upon the Supreme Court on appeal, the same principle does not apply on an appeal from

27—188

an inferior to the Superior Court, and in such instances it is the duty of the judge hearing the matter, to review the findings of fact of the lower court as well as the conclusions of law, together with additional evidence should justice require it, and make his own findings thereon.

APPEAL by defendant, M. S. Chamblee, from *Grady, J.,* at June Special Term, 1924, of WAKE.

Motion for rule upon M. S. Chamblee, respondent, to show cause why he should not be attached for contempt because of willful disobedience to an order of court, issued by the clerk of the Superior Court of Wake County in supplemental proceedings had in the above entitled cause, directing the defendant to dispose of none of his property or holdings until the matters under investigation could be fully heard and determined. C. S., 717.

From an order of the clerk adjudging the respondent in contempt, and requiring him to pay a fine of $100.00 and to be confined in the common jail for a period of 30 days, he appealed to the judge of the Superior Court, who after hearing the case, adopted and approved the findings and judgment of the clerk in all respects. Respondent excepted and appealed.

*J. Crawford Biggs and J. W. Bunn for plaintiff.*
*Douglass & Douglass for defendant Chamblee.*

STACY, J. It is provided in C. S., 978 and 981, among other things, that any person found guilty of willful disobedience of any process or order lawfully issued by any court, or of resistance, willfully offered, to the lawful order or process of any court, shall be held to have committed a contempt of court, and fined not exceeding two hundred dollars, or imprisoned not exceeding thirty days, or both, in the discretion of the court. *In re Parker,* 177 N. C., 463. Where the contempt has not been committed within the immediate presence or verge of the court, an appeal lies from the judgment entered below. C. S., 979; *Ex parte McCown,* 139 N. C., 95; *In re Walker,* 82 N. C., 95. The findings of fact, made by the judge of the Superior Court in such proceedings and which are required to be "specified on the record" (*S. v. Mott,* 49 N. C., 449), are conclusive upon us, when supported by any competent evidence. *Young v. Rollins,* 90 N. C., 125. But it has been held that where the facts have been found by an inferior tribunal, on appeal to the Superior Court, it is the duty of the judge hearing the matter to review the findings of fact as well as the rulings of law; and, if justice require it, he may hear additional evidence, orally or by affidavit, in making up his own findings of fact. *In re Deaton,* 105 N. C., 59.

PHOSPHATE CO. *v.* JOHNSON.

In the instant proceeding, it has been found, upon competent and ample evidence, that the respondent, in willful and deliberate violation of the court's order, purposely and intentionally disposed of some $3,800.00 or $4,000.00 with the specific design to thwart the processes of the court. The respondent replies by saying that he used the moneys in question to pay debts which he then owed, alleging that he was ignorant of the law and thought he had a perfect right to use the money in this way. He disclaims any intentional contempt or contumacious conduct. But the crucial facts have been determined against him.

Upon the facts as found, we have discovered no valid reason for disturbing the order and judgment entered in the Superior Court. *In re Brown,* 168 N. C., 417.

Affirmed.