ROYAL COTTON MILL COMPANY, INC., A CORPORATION, v. TEXTILE
WORKERS UNION OF AMERICA, CIO; TEXTILE WORKERS UNION
OF AMERICA, CIO, LOCAL ..........., WAKE FOREST, NORTH CARO-
LINA, HOWARD E. PARKER, BERNICE BARHAM, W. ROBERT MUR-
RAY, ALF CATLETT, DEAN CULVER, EDNA CASH, NORWOOD HOL-
FORD, WESLEY SHORT, WILLIAM FREEMAN, CLAUDE DAVIS,
CATHLEEN CATLETT, ROBERT MABREY, CLAUDIA HORTON,
LILLIAN HORTON, DARWIN JACKSON, GEORGE W. TIMBERLAKE,
WILEY BEDDINGFIELD, ELSIE MABREY, AND OTHERS TO WHOM THIS
ACTION MAY BECOME KNOWN.

(Filed 28 November, 1951.)

**1. Constitutional Law § 11: Courts § 12—**

The Superior Court of this State has jurisdiction of an action to restrain
mass picketing, obstructing or interfering with factory entrances, and the
threatening and intimidation of employees in the conduct of a strike, and
demurrer on the ground the controversy is in the exclusive jurisdiction of
the National Labor Relations Board and the Federal Courts is properly
overruled.

**2. Contempt of Court § 7—**

The findings of fact of the judge in contempt proceedings, when sup-
ported by any competent evidence, notwithstanding that incompetent evi-
dence may have been admitted also in support thereof, are binding and
conclusive on appeal. Whether an assistant clerk of a recorder's court
has authority to administer oaths except in the discharge of duties per-
taining to that court, *quœre?*

**3. Same—**

Respondents are entitled to appeal from judgment for contempt not
committed in the immediate presence of the court.

APPEAL by Norwood Holford and George W. Timberlake, respondents,
in a contempt proceeding before *Bone, J.,* in Chambers at the WAKE
County Courthouse, Raleigh, North Carolina, 18 June, 1951.

The plaintiff instituted this action in the Superior Court of Wake
County, North Carolina, on 7 April, 1951, against the Textile Workers
Union of America, CIO, and others, including these appellants.

A temporary restraining order was issued on 7 April, 1951, by his
Honor W. C. Harris, Resident Judge of the Seventh Judicial District
of North Carolina, restraining the defendants, and all other persons to
whom notice or knowledge of the order might come, from doing the fol-
lowing: (1) From loitering or congregating within 150 yards of the
fence surrounding plaintiff's premises, or within a like distance of plain-
tiff's office building, or from picketing within said area except as many as
ten persons, but no more, might peaceably picket within such area, but
not closer than 10 feet of any gate in the fence around plaintiff's premises,

18—234

nor closer than 10 feet from the outside edge of the driveway or road leading to plaintiff's premises, nor any closer than 30 feet from the plaintiff's office building; (2) "No person or persons shall interfere in any manner with the free ingress or egress of any other person whomsoever to and from the plaintiff's premises; (3) No person or persons shall anywhere assault, abuse, threaten or in any manner intimidate any person because he or she works, or seeks to work in plaintiff's plant or because he or she does or seeks to do business with the plaintiff."

The defendants were ordered to appear before the Judge holding the Superior Court of Wake County in the Superior Court room in the Wake County Courthouse in Raleigh, North Carolina, on 16 April, 1951, at 10 :00 o'clock a.m., and then or as soon thereafter as they could be heard and show cause, if any they have, why the order should not be made permanent.

The order was to become effective upon the plaintiff filing with the Clerk of the Superior Court of Wake County a justified bond in the sum of $1,000, conditioned upon the terms set out in the order.

The court directed the Sheriff of Wake County to post copies of the restraining order in conspicuous places at and in the vicinity of the plaintiff's plant and particularly at the main entrance gate to plaintiff's premises.

Bond was given as required by the order; and while the printed record filed herein does not disclose that the restraining order was served on the appellants, an examination of the original trancript of the case on appeal filed in this Court, does disclose that the summons, copy of the complaint, notice of order, and copy of the restraining order were duly served on each of the appellants and others on 7 April, 1951. Copies of the restraining order were posted as directed by the court.

On 3 May, 1951, his Honor W. H. S. Burgwyn, Judge Presiding, acting upon a petition and affidavits filed in support thereof to adjudge these appellants and fifty-two others in contempt for violating the restraining order theretofore issued, entered an order directing the fifty-four individuals named in the petition to appear before the Presiding Judge of the Superior Court at the Wake County Courthouse in Wake County, North Carolina, on 18 May, 1951, at 9 :30 a.m., and then and there to show cause, if any they have, as to why each of them should not be adjudged in contempt of court and punished therefor. This order was duly served on the appellants and others on 6 May, 1951.

The defendants filed a demurrer to the complaint on 3 May, 1951, and moved for a dismissal of the action on the ground (1) that the plaintiff's complaint failed to state a cause of action; and (2) that the action arises out of a labor dispute between the plaintiff, a corporation, engaged in the manufacture and sale of textile products in interstate commerce, and its

employees and their union, a labor organization, and that the allegations of the complaint amount to no more than an allegation of an unfair labor practice on the part of the defendant labor organization and its agents in violation of Section 8 (b) (1) and other sections of the Labor Management Act of 1947, and that the exclusive jurisdiction of the controversy is in the National Labor Relations Board and in the federal courts, thereby excluding the courts of North Carolina from any jurisdiction in the controversy.

Likewise, each of the defendants and respondents on 24 May, 1951, filed a demurrer to and a motion to dismiss the contempt proceeding on the ground (1) that the court is without jurisdiction, stating the same ground therefor as set out in the demurrer to the complaint; (2) that there is no petition or other proper document which states facts sufficient to constitute a cause of action, or upon which the court may issue the order to show cause or punish the defendants or respondents for contempt.

This contempt proceeding came on for hearing on 24 May, 1951, and the demurrer entered by each respondent, as appears · of record, was overruled.

At the conclusion of the petitioner's evidence, which consisted of some twenty-four affidavits, the respondents introduced in evidence their verified "Response to the Petition and Order to Show Cause," and moved that they be given additional time to respond to the petitioner's evidence; and the court continued the proceeding until 18 June, 1951.

The court, upon consideration of the petition and affidavits filed by the respective parties, found as a fact that the evidence was insufficient to show that any of the respondents, excepting Norwood Holford and George W. Timberlake, had knowledge or actual notice of the restraining order issued herein, prior to 27 April, 1951; that summons, copies of complaint, and the aforesaid restraining order, were duly served on Norwood Holford and George W. Timberlake by the Sheriff of Wake County on 7 April, 1951, and that each one of them had actual knowledge and notice of said restraining order, but notwithstanding said knowledge and notice, these appellants willfully and contemptuously disobeyed the provisions of the restraining order by committing the acts set out in the court's findings of fact.

From the judgment entered, imposing fines on these respondents and prison sentences which were suspended for 12 months provided the fines were paid and certain other conditions set out therein were observed, the respondents appeal, and assign error.

*Robert S. Cahoon* for respondents, appellants.
*Smith, Leach & Anderson, Brassfield & Maupin,* and *J. Russell Nipper* for petitioner, appellee.

DENNY, J. The challenge to the jurisdiction of the court below on the ground that this controversy involves a labor dispute and that the exclusive jurisdiction thereof is in the National Labor Relations Board and the federal courts, is without merit. The ruling of the court below in this respect will be upheld on authority of *Erwin Mills v. Textile Workers Union of America, C.I.O., et al., ante,* 321, and the authorities cited therein.

The appellants assign as error the introduction of certain affidavits subscribed and sworn to before the assistant clerk of the Recorder's Court of Wake Forest Township. It is contended that Chapter 755, Public-Local Laws of North Carolina, 1915, Section 19, as amended by Public-Local Laws of 1937, Chapter 550, Section 3, does not give the assistant clerk of the Recorder's Court of Wake Forest Township the authority to administer oaths except in the discharge of duties pertaining to that court. They likewise contend that G.S. 11-8 limits the authority of a deputy to administer oaths only in the discharge of duties imposed upon the deputy while acting for and in lieu of the principal officer in matters pertaining to the duties of such principal officer.

Conceding, but not deciding, that the contentions of the appellants are correct, the judgment below will not be disturbed. For, upon a careful examination of the verified petition, the affidavits filed by the respective parties, and the admissions contained in the Respondents' Further Response to the petitioner's evidence, the findings of fact set out in the judgment entered below are supported by competent evidence exclusive of the affidavits subscribed and sworn to before the assistant clerk of the Recorder's Court of Wake Forest Township.

The judgment below was not for contempt committed in the immediate presence of the court, and the respondents were entitled to appeal therefrom. However, the findings of fact by the Judge are conclusive on us when there is any competent evidence to support them. *Bank v. Chamblee,* 188 N.C. 417, 124 S.E. 741; *In re Fountain,* 182 N.C. 49, 108 S.E. 342, 18 A.L.R. 208; *Flack v. Flack,* 180 N.C. 594, 105 S.E. 268; *In re T. J. Parker,* 177 N.C. 463, 99 S.E. 342; *Ex Parte McCown,* 139 N.C. 95, 51 S.E. 957; *Green v. Green,* 130 N.C. 578, 41 S.E. 784; *Young v. Rollins,* 90 N.C. 125.

The judgment entered below is
Affirmed.