ERWIN MILLS, INC., v. TEXTILE WORKERS UNION OF AMERICA, CIO;
     TEXTILE WORKERS UNION OF AMERICA, CIO, LOCAL #246, DUR-
     HAM, NORTH CAROLINA; HOWARD PARKER, ALBERT PEARCE,
     RICHARD HALL, ESTHER JENKS, LOIS LEWIS, EDGAR MAYNARD,
     WILLIAM R. ALLEN, RUFUS LEONARD, VASS TEW, PEARL RAS-
     BERRY, DOROTHY MORGAN, MARGARET PARKER, ERDINE
     COUCH, RUTH MEEKS, GEORGE DUNN, ESTELLE SPELL, ROBERT
     AIKEN, MAGGIE RAMBEAU, ALONZO HODGES, McCAULEY FIELDS,
     ELIZABETH HAMLETT DAVIS, DEWEY FIELDS, AND OTHER PERSONS,
     UNKNOWN TO PLAINTIFF, TO WHOM THIS ACTION MAY BECOME KNOWN.

(Filed 1 February, 1952.)

**1. Constitutional Law § 11: Courts § 12—**

   While the regulation of peaceful strikes in industries engaged in inter-
   state commerce is in the exclusive jurisdiction of the Federal Government,
   29 USCA, sec. 141, et seq., our State court in the exercise of the State's
   inherent police power has jurisdiction to restrain acts of violence in con-
   nection with a strike to protect the rights of its citizens.

**2. Contempt of Court § 5: Removal of Causes § 7—**

   In a suit to restrain unlawful picketing at a strike bound plant, the filing
   by defendants of a petition for removal to the U. S. District Court subse-
   quent to the institution of proceedings as for contempt does not prevent a
   State court from continuing the proceedings in order to maintain respect
   for its orders and to punish contemptuous violation thereof.

**3. Contempt of Court § 4—**

   While an order to show cause why respondents should not be held in
   contempt should advise them of the specific charges alleged against them,
   its failure to do so does not render the proceeding void where their counsel
   appears and is furnished copies of the affidavits containing the charges
   in time to present their defense and they subsequently file counter affi-
   davits in detail.

**4. Contempt of Court § 5: Appeal and Error § 39e—**

   Ordinarily, it will be presumed that the court did not consider incompe-
   tent averments in the affidavits filed in determining questions of fact, but
   where at the time of the hearing the incompetent matters are specifically
   pointed out and objected to and made the subject of motions to strike, and

ruled upon adversely by the court, the presumption cannot obtain and the cause will be remanded.

APPEAL by defendants, Fields, Rasberry, Rambeau, Meeks and Brewer, from *Frizzelle, J.,* in Chambers 7 May, 1951. From DURHAM. Error and remanded.

The appellants were adjudged in contempt of court for violation of a restraining order previously issued in the cause, and from the order imposing punishment therefor they appealed.

*Fuller, Reade, Umstead & Fuller and James L. Newsom for plaintiff, appellee.*

*Robert S. Cahoon for defendants, appellants.*

DEVIN, C. J. The action was instituted by plaintiff 27 April, 1951, against the Textile Workers Union of America, an unincorporated association, and the named individual defendants, to restrain them from threatening, abusing and interfering with employees desiring to work in plaintiff's mills during a labor strike. The strike had been in progress since 2 April, 1951. Process was duly served on the defendants. On the same date, 27 April, 1951, upon the verified complaint used as an affidavit, a temporary restraining order was issued by the court restraining defendants from the commission of the threatened acts of violence and intimidation alleged. The restraining order was duly served and copies posted at the mill gates and conspicuous places in the vicinity. Three days later, 30 April, the court issued an order to the individual defendants to show cause why they should not be held in contempt for violation of the court's restraining order. This order recited that the restraining order had been duly served and posted as directed, and that it appeared to the court "from the affidavits" that the defendants (naming them) had "willfully done certain acts and things therein prohibited," and thereupon the respondents were ordered to appear 2 May and show cause why they should not be punished as for contempt of court. On that date, 2 May, counsel for respondents appeared before the judge and moved for a postponement of the hearing. At this time copies of the eight affidavits relied on by plaintiff were delivered to respondents' counsel. Three of these affidavits bore date 30 April, and the others 1 May and 2 May. The hearing was continued to 4 May. On 4 May respondents appeared and demurred, and moved to dismiss the proceeding for that the court was without jurisdiction, and for the further reason that the order as served did not advise them of the nature of the charges against them. The demurrer and motion to dismiss were overruled and respondents excepted.

The matter was then heard on the affidavits filed by plaintiff and those *contra* filed by respondents.

The respondents objected to each of the affidavits offered by plaintiff and moved that certain portions of the plaintiff's affidavits, as indicated and noted, be stricken from the evidence and from the record. The court overruled all of respondents' objections to the competence of matters set out in the plaintiff's affidavits, and upon the evidence afforded by the affidavits made the findings of fact upon which judgment was rendered against the appealing respondents. The judgment stated the acts committed by appellants and found that these acts were done for the purpose of intimidating, threatening and abusing employees of plaintiff and dissuading them from continuing to work, and that the five appellants had wilfully and contemptuously violated the restraining order after notice thereof, and the court thereupon imposed punishment upon each of them.

The appellants interposed plea to the jurisdiction on the ground that the action arose out of a labor dispute between employees and a corporation engaged in interstate commerce, and that exclusive jurisdiction of matters connected therewith was by Act of Congress conferred upon the National Labor Relations Board. But the fact that the acts complained of in this action occurred during a labor dispute would not deprive the state court of the power by appropriate action to protect persons and property from threatened unlawful acts of violence injurious to the rights of its citizens, as was recently decided by this Court in *Erwin Mills, Inc. v. Textile Workers Union of America,* 234 N.C. 321, 67 S.E. 2d 372, and *Cotton Mill Co. v. Textile Workers Union of America,* 234 N.C. 545, 67 S.E. 2d 755. The police power of the state to suppress violence and to preserve order was not superseded by the Act of Congress. Nor would the subsequent filing by the defendants of petition for removal to the U. S. District Court (later remanded) prevent the state court from continuing proceedings to maintain respect for its orders and to punish contemptuous violation thereof. *Green v. Griffin,* 95 N.C. 50; *Herring v. Pugh,* 126 N.C. 852, 36 S.E. 287; *Safie Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577; *Elliott v. Swartz,* 231 N.C. 425, 57 S.E. 2d 305; *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418; 12 A.J. 433.

While the order to respondents to show cause should have advised them of the specific charges alleged against them, this irregularity would not render the proceeding void where counsel for respondents appeared and was furnished copies of the affidavits containing the charges and allegations against them in time to present their defense, and the respondents subsequently filed affidavits in denial. Presumably the affidavits set out in the record which bore the same date as the order were presented to the court and formed the basis upon which the order was issued. G.S.

5-7; *Erwin Mills, Inc. v. Textile Workers Union of America, supra; In re Odum,* 133 N.C. 250, 45 S.E. 569.

But we think the court was in error in overruling respondents' exceptions to incompetent, hearsay and prejudicial evidence contained in plaintiff's affidavits which were being considered by the court.

Ordinarily when a Superior Court Judge hears evidence in the form of affidavits in order to decide questions of fact, he is presumed to eliminate from his consideration immaterial and incompetent averments, and those which in other respects are improperly inserted. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639; *Cameron v. Cameron,* 232 N.C. 686, 61 S.E. 2d 913. But where at the time of the hearing incompetent matters are specifically pointed out and objected to, and motion made to strike them from the evidence, and the court overrules the motions in each instance, the presumption that the court did not consider the objectionable matters in making his decision would not be available to sustain the findings. For this reason we think the hearing should be remanded for consideration of the competent evidence in passing upon the motion to punish appellants as for contempt.

Error and remanded.