GLENDALE MANUFACTURING COMPANY, A CORPORATION, v. NICK BONANO, ROSEMARY COPPOLA, HELEN HARPER, ELIZABETH BRANCH, JESSIE BAILEY, ELIZABETH WOLFE, ADDIE HENSON AND INTERNATIONAL LADIES GARMENT WORKERS UNION.

(Filed 21 September, 1955.)

**1. Contempt of Court § 2b—**

The evidence in this case *is held* sufficient to support the court's finding, on the hearing of the order to show cause, that defendants had notice and knowledge of the contents of a restraining order theretofore issued in the action restraining mass picketing, acts of violence and intimidation of persons entering the plant during a strike, and that each defendant had willfully violated the restraining order by certain specified acts, and judgment holding defendants in contempt is upheld.

**2. Same—**

Where the judgment in contempt fully states the facts found and the conclusions of law based thereon, adjudging defendants in contempt for a willful disobedience of an order lawfully issued by the Superior Court having jurisdiction, G.S. 5-1 (4), exception on the ground that the court did not specifically denominate his conclusions of law as such cannot be sustained.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by the defendants Coppola and Pitts from *Nettles, J.,* June Term, 1955, of BUNCOMBE.

The appellants Rosemary Coppola and William Pitts were found to have violated the provisions of a restraining order and judgment was rendered imposing punishment for contempt of court.

The plaintiff is engaged in the manufacture of garments at its plant in Buncombe County near Asheville and employs 125 persons. As the result of a labor dispute a number of plaintiff's employees went out on strike, while others continued to work. There were disorders and threats of violence. Thereupon an action was instituted by the plaintiff against the named defendants, and upon verified complaint filed alleging that the defendants and others were engaged in acts of violence, threats of violence, abuse and intimidation of its employees, and obstructing access to the plant, the court issued a restraining order restraining mass picketing, and the acts of violence and intimidation alleged in the complaint. This order was served on the defendant Coppola and other defendants, and notices thereof were posted on each of the three entrances to plaintiff's plant.

Thereafter on affidavits filed alleging violation of the restraining order by the defendants and others, including defendant William Pitts, and setting forth the particular acts complained of, notice to show cause was issued, made returnable before Judge Nettles, and served on the defendants, appellants.

At the hearing before Judge Nettles, evidence was offered by plaintiff and defendants and from this evidence Judge Nettles made findings of fact and upon these findings held a number of persons, including the appellants, guilty of contempt of court for willful disobedience of the restraining order.

As only Rosemary Coppola and William Pitts appealed, the case will be stated and considered only as it relates to these appellants.

Judge Nettles found that Rosemary Coppola and William Pitts had notice and knowledge of the contents of the restraining order issued in the cause, and that these appellants had willfully violated the restraining order under the circumstances and conditions shown by the evidence as follows: "(a) William Pitts, by throwing paper and black pepper upon Lexie Corbett and other employees and visitors of plaintiff, by threatening and intimidating Lexie Corbett and other businessmen and visitors of the plaintiff; by systematically following employees of the plaintiff in an automobile while plaintiff's employees were on their way home.

"(b) Rosemary Coppola, by throwing paper and black pepper on Lexie Corbett and other employees and business visitors of the plaintiff,

and by threatening and intimidating Lexie Corbett and other employees and business visitors of the plaintiff."

Upon these findings and conclusions the court entered judgment that Rosemary Coppola and William Pitts each be imprisoned for 30 days and fined $250.

Prayer for judgment was continued as to the other persons named in the order.

Defendants Coppola and Pitts appealed.

*Herbert L. Hyde and Harkins, Van Winkle, Walton & Buck for plaintiff, appellee.*

*George Pennell for defendants, appellants.*

Devin, J.  From an examination of the record and the evidence offered it is apparent that the findings of Judge Nettles, in so far as they refer to the appellants, were supported by the evidence, and that the judgment holding them to have willfully violated the provisions of the restraining order must be upheld.  See *Royal Cotton Mill v. Textile Workers Union,* 234 N.C. 545, 67 S.E. 2d 755; *Erwin Mills v. Textile Workers,* 235 N.C. 107, 68 S.E. 2d 813; *Safie Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577.

Appellants' exception on the ground that the court did not specifically denominate his conclusions of law as such, cannot be sustained.  While the judgment might have been stated more orderly, it sufficiently appears that the facts found were fully stated and that the conclusions of law were based thereon.  The judgment sufficiently adjudicated the guilt of the appellants for willful disobedience of an order lawfully issued by the Superior Court having jurisdiction.  G.S. 5-1 (4).  *Dailey v. Ins. Co.,* 208 N.C. 817, 182 S.E. 332.

Judgment affirmed.

Winborne and Higgins, JJ., took no part in the consideration or decision of this case.