CAROLINA WOOD TURNING COMPANY, A CORPORATION v. JESS WIGGINS, CECIL WELCH, FRED J. HALL, NEAL J. PROCTOR, HORACE BIRCHFIELD, ALBERT JENKINS, GEORGE CLINE, ANDY CLINE, OLIN L. PROCTOR, CLINT BURNETT, ODIS BIRCHFIELD AND ALL OTHER MEMBERS OF LOCAL No. 251, OF THE UNITED FURNITURE WORKERS OF AMERICA, AND ANY OTHER PERSONS UNKNOWN TO THIS PLAINTIFF TO WHOM THIS ACTION MAY BECOME KNOWN.

(Filed 6 November, 1957)

1. **Contempt of Court § 8—**

An appeal lies from judgment holding respondents in contempt for disobedience of the court's order when the contempt is not committed in the immediate presence of the court.

2. Same—

On appeal from judgment holding respondents in contempt for wilful disobedience of the court's order restraining unlawful picketing, the findings of fact by the judge are conclusive and not reviewable if supported by any competent evidence.

3. Contempt of Court § 7—

Punishment in this case for contempt not committed in the presence of the court *held* not to exceed that provided by law. G.S. 5-4.

APPEAL by respondents from *Moore (Dan. K.), J.,* at Chambers in Sylva, North Carolina, on 31 July 1957. From SWAIN.

The petitioner instituted this action in the Superior Court of Swain County, North Carolina, on 17 May 1957, against the above-named parties and others, including the appellants.

The labor contract between the petitioner and Local No. 251 of the United Furniture Workers of America expired on 13 April 1957. When the parties could not agree upon a new contract, the Union called a strike. The strikers picketing the plant blocked the entrance to the plant on several occasions between 13 April and 17 May 1957, and interfered with employees entering and leaving the plant and prevented the petitioner from shipping any merchandise therefrom.

A temporary restraining order was issued on 17 May 1957 by his Honor Dan K. Moore, Resident Judge of the Thirtieth Judicial District of North Carolina, restraining the above-named parties and all other persons to whom notice or knowledge of the order may come, from doing, among other things, the following: (1) Loitering or congregating within 200 feet of any part of any premises owned, occupied or used by the petitioner as a place of business or warehouse at Bryson City, North Carolina, except as follows: (a) At no time more than four persons may peaceably picket anywhere within 200 feet of said premises. (b) None of the said four persons peaceably picketing, nor any other persons shall physically block the entry or the exit of any person desiring to enter any premises used or occupied by the petitioner or to leave therefrom by walking in front of said person or by placing an automobile, truck or other obstruction in the driveways leading to and from said premises or shall otherwise interfere in any manner with the free ingress and egress of any and all persons to and from said premises and, further, shall not interfere with any persons desiring to go to his or her place of work with the petitioner or to his or her home from work with the petitioner.

The order likewise prohibited interference with the ingress and egress to and from the premises of petitioner of trucks or

automobiles owned by the petitioner or its agents and employees, or others, including motor trucks operated by common carriers.

The respondents were ordered to appear before his Honor at the Jackson County Courthouse, Sylva, North Carolina, on 25 May 1957, at 10:00 a.m. and show cause, if any they have, why the restraining order should not be continued until the hearing.

The temporary restraining order was served on the respondents named in the caption of this cause, and copies thereof posted at conspicuous places on each side of the entrance gate to petitioner's plant.

When this motion came on for hearing on 25 May 1957, the original order was amended and continued until the hearing, the amendment in pertinent part being, "There shall be no picketing of any kind within 10 feet of the driveway or entrance from the highway to the plaintiff's (petitioner's) premises," and a new paragraph was added permitting the respondents to use the house which they had leased, located across the highway from the petitioner's premises.

The order as amended was also served on the respondents named in the caption of this cause and copies posted in conspicuous places on each side of the entrance gate to petitioner's plant, and a copy was also posted on the building across the highway from the petitioner's plant, used by the pickets.

On 22 July 1957 the petitioner filed a verified motion stating in substance that the respondents named therein had on that date engaged in mass picketing at the entrance gate to petitioner's plant in violation of the aforesaid restraining order, there being more than four persons within 200 feet of petitioner's premises, and that the respondents had physically blocked the entrance to numerous persons desiring to enter petitioner's premises, and prayed for an order to show cause why the respondents named therein should not be attached for contempt. Said respondents were cited to appear before his Honor on 24 July 1957 at the Jackson County Courthouse, Sylva, North Carolina, at 2:00 p.m. and show cause, if any there be, why they should not be attached for contempt of court and be punished as provided by law.

When the matter came on for hearing on 24 July 1957, at the request of counsel for respondents, the hearing was continued until 9:00 a.m., 25 July 1957. The respondents filed a demurrer to the motion, which was overruled. They then filed an answer, which was used as an affidavit.

STATE v. FLINCHEM.

His Honor heard the evidence as submitted by affidavits and found the facts. Based on his findings, he held the respondents named in paragraph three of the judgment, and each of them, did on 22 July 1957, between the hours of 6:30 a.m. and 2:40 p.m., intentionally and wilfully violate the terms of the restraining order theretofore issued.

From the punishment imposed, the respondents appeal, assigning error.

*William Medford, Robert Leatherwood, III for petitioner appellee.*

*Robert S. Cahoon, Martin Raphael (of New York), for respondents appellant.*

DENNY, J. In a proceeding in which a judge of the superior court has adjudged a party guilty of contempt for disobedience of the court's order and the contempt was not committed in the immediate presence of the court, an appeal lies from the judgment entered. However, in such a proceeding, the findings of fact by the judge are conclusive and not reviewable on appeal, if supported by any competent evidence. *Cotton Mill Co. v. Textile Workers Union,* 234 N.C. 545, 67 S.E. 2d 755; *Bank v. Chamblee,* 188 N.C. 417, 124 S.E. 741; *In re Fountain,* 182 N.C. 49, 108 S.E. 342, 18 A.L.R. 208; *Flack v. Flack,* 180 N.C. 594, 105 S.E. 268; *In re T. J. Parker,* 177 N.C. 463, 99 S.E. 342; *Green v. Green,* 130 N.C. 578, 41 S.E. 784; *Young v. Rollins,* 90 N.C. 125.

We have carefully examined the record in this cause, and the findings of the court below are supported by competent evidence and such findings support the judgment.

Furthermore, the punishment imposed does not exceed that provided by law. G.S. 5-4. Hence, the judgment is affirmed. *Erwin Mills v. Textile Workers Union,* 235 N.C. 107, 68 S.E. 2d 813; *Cotton Mill Co. v. Textile Workers Union, supra; Cotton Mills v. Abrams,* 231 N.C. 431, 57 S.E. 2d 803; *Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577, and cited cases.

Affirmed.