HARRIET COTTON MILLS v. LOCAL UNION NO. 578, TEXTILE WORK-
ERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION
OF AMERICA (AFL-CIO); JOHNNY ROSE, CHARLIE THOMAS
DUKE, CLINT ROBERSON, HILTON PARRISH, WALTER C. WAT-
KINS, ANDREW PENDERGRASS, LEROY WILLIAMSON, WOODROW
GOODING, JOHN HENDERSON, HOMER ROBERTS, JR., DOUGLAS
ROSE, CARL NEAL, LEE HARRIS, HENRY HARRIS, CHARLIE
HARRIS, HERBERT PARRISH, RANSOM HARGROVE, JOYCE R.
MEDLIN, ESTHER C. ROBERSON, RACHEL PIRTLE, BOSHER EU-
BANKS ETTA AYSCUE, LEWIS WRIGHT, CLYDE WOODLIEF,
GEORGE ROSE, MRS. GEORGE ROSE, EDITH J. PEOPLES,
BLANCHE LEWIS, WARREN WALKER, SALLY JOE WALKER, AL-
BERTA ROSE, RUBY R. CURRIN, MILTON CURRIN, DORTITH
THOMPSON, WILLIE JARRELL, FRED LEE COLLIER, WILLIAM
CHOPLIN, DAVID SAMUEL PULLEY, DARRELL HEDGEPETH,
LEWIS CLAYTON, MILO CLEATON, EARL BENNETT, THOMAS
STARNES, HERBERT INSCOE, CLARENCE AYSCUE, ANDREW
MEDLIN, OSCAR FAULKNER, RANDELL SMITH, LAWRENCE
PEACE, CURTIS ROSE, JOHN FAUCETTE, RALPH FAUCETTE, JES-
SIE ROBERSON, LOU VENE B. COGHILL, VIRGINIA R. PEOPLES,
SARAH D. PACE, ALVIN C. BREEDLOVE, LULU BARHAM, DORSEY
EATMAN, JAMES EATMAN, WILLIAM C. VOYLES, MYRTLE JOHN-
SON, MYRTLE P. PEOPLES, BRANSON BLAKE, MILDRED BLAKE,
HAROLD VIVERETTE, LONNIE FAISON, JOHNNY MARTIN, TOM
WILLIAMS, BENNIE EDWARDS, HORACE FAULKNER, MARY M.
WEAVER, LEROY NORRIS, JAMES HOLMES, MILDRED McGHEE,
BASIL GREEN, JOE JARRELL, FORREST McGHEE, CHESLEY YAR-
BOROUGH, ZOLA MAE AYSCUE, GOLDA GREY AYSCUE, DAYLON
AYSCUE, BLANCHE WHITE, JAMES R. ADCOX, JR., ANNIE TUR-
NER, RAYMOND, B. HUDSON, EUGENE HUDSON, LILLIE JONES,
MATTIE A. PARRISH, RUBY C. ROSE, JOE FOWLER, ROBERT
PARRISH, MAUDE JARRELL, FLORENCE ROBERSON, JOE ROBER-
SON, LIJAH PEOPLES, JAMES FREEMAN, OSCAR HEDGEPETH,
JR., JIM STEVENSON, HOMER ROBERTS, JR., CHARLIE RANES,
JOE PACE, MARVIN GRIFFIN, VOLLIE MANNING, ROY FRANCIS,
ROBERT GRISSOM, ALBERTA R. McGHEE, BOBBY JONES, CHAR-
LIE WEST, FRED LEE COGHILL, ROBERT RAINES, CLAUDIA
GUPTON, ELIZABETH MARKS, JAMES TART, ANDREW RAINES,
BUD DUKE, MORTON ROBERSON, THURSTON LIGGON, EDWARD
F. TUCKER, WILLIAM K. HARRIS, HOMER ROBERTS, SR., AND ALL
OTHER PERSONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME.

(Filed 16 December, 1959.)

1. **Appeal and Error § 38—**

Assignments of error not set out in defendant's brief and in support
of which no reason or argument is stated or authority cited will be
deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

2. **Appeal and Error § 22—**

An exception to the findings of fact and conclusions of law and the

judgment of the court is a broadside exception which does not present for review the sufficiency of the evidence to support the findings.

**3. Contempt of Court § 6—**

Findings of the court that the respondents with knowledge willfully violated the restraining order theretofore issued in the cause *held* supported by substantial competent evidence and binding on appeal.

**4. Constitutional Law §§ 31, 37: Contempt of Court § 6: Criminal Law § 155—**

In proceedings under an order to show cause why respondents should not be held in contempt of court for the willful violation of a restraining order, the admission of affidavits tending to establish specific acts done by respondents in violation of the order will not be held for error when respondents, represented by counsel, do not object to the admission of the affidavits or indicate any desire to cross-examine any affiant on the hearing, or move to strike, or except to the order on such ground, and it is a fair inference from the record that the affiants were readily available as witnesses since respondents will be held to have waived their rights of confrontation.

HIGGINS, J., not sitting.

APPEAL by respondents Joyce Ann Clark Robinson and Juanita Raines from orders of *Mallard, J.,* 25 May 1959 Special Criminal Term, of VANCE.

This proceeding, docketed here as No. 387, was heard upon an order issued by Judge Bickett on 3 March 1959, and duly served with attached affidavits of Eva Walker Robinson, of Doza Stone, and of Sheriff E. A. Cottrell on respondents on 4 March 1959, commanding respondents to appear before Judge Bickett at 3:00 p. m. o'clock on 5 March 1959 in the Superior Court courtroom at Henderson, Vance County, North Carolina, and to show cause, if either one can, why each one should not be held in contempt of court for the alleged violation of a temporary restraining order issued by Judge Bickett on 13 February 1959. On 5 March 1959 respondents filed a joint answer to the show cause order in which they aver that they, and each one of them, have not committed any wilful or unlawful act in violation of the aforesaid temporary restraining order. On the return date of the show cause order, Judge Bickett continued the hearing of it from time to time, until on 29 April 1959, he entered an order, with the consent of counsel for plaintiff and respondents, that the hearing be held before Judge Mallard at the aforesaid term of court.

The relevant parts of Judge Bickett's temporary restraining order are set out in the case of *Harriet Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), Johnny Rose, et al.,* docketed here as Number 385, *ante* 218, 111 S.E. 2d 457, to which reference is hereby made. It would be supererogatory to repeat those parts here.

This case, in which the show cause order was issued, was instituted on 13 February 1959, and within due time, summons was served on the defendants by delivering to them copies of the summons, of the complaint, and the temporary restraining order issued by Judge Bickett on 13 February 1959. Within apt time the defendants, and each one of them, filed a joint answer.

On 5 March 1959 Judge Bickett, on motion of plaintiff, with the attorney for defendants not resisting the motion, ordered that the temporary restraining order before issued be continued in full force and effect until the case shall be heard on its merits. This does not appear in the record in the instant case, but it does appear in the opinion of this Court in the case of *Harriet Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), Johnny Rose, et al.*, docketed here as Number 385, *supra*, and in the record in that case. The restraining order was in full force and effect at all times relevant to this proceeding.

At the hearing before Judge Mallard, plaintiff introduced in evidence the affidavits of Eva Walker Robinson, of Doza Stone, and of Sheriff E. A. Cottrell. Joyce Ann Clark Robinson testified in her own behalf, and Dora Duke was a witness for her. Juanita Raines testified in her own behalf, and Edith Peoples and Mrs. Elizabeth Marks were witnesses for her. Both respondents are members of the Union, and are on strike. The respondents are not defendants in this case.

Judge Mallard entered separate orders as to each respondent. The essential parts of Judge Mallard's order as to Joyce Ann Clark Robinson, respondent, necessary for decision of this appeal, are as follows: Joyce Ann Clark Robinon was represented by counsel at the hearing of the show cause order, that she filed an answer to the show cause order, that plaintiff and respondent offered evidence, that the Judge after hearing counsel for plaintiff and respondent, and after considering the evidence, finds the following facts:

"Joyce Ann Clark Robinson had actual knowledge of the Restraining Order and the contents thereof issued by Judge William Y. Bickett on February 13, 1959, by means of the said Restraining Order being conspicuously posted on bulletin boards set 75 feet on either side of the gates of the Harriet Cotton Mills, and two copies of said Order being posted on either side of the door of the Vance County Courthouse, and a copy thereof being published in the Henderson Daily Dispatch, a newspaper published in Vance County, on February 14, 1959, and the contents thereof having been publicized over the radio; that Joyce Ann Clark Robinson is and was on February 26, 1959, a member of Local Union No. 584, Textile Workers of America, which is the Union

at the Henderson Cotton Mills, and in which matter a Restraining Order similar to the Restraining Order issued herein has been issued; that Joyce Ann Clark Robinson lives in South Henderson near the Harriet Cotton Mills and served as a Picket for Local Union 578 at the Harriet Cotton Mills; that Local Union No. 578 was served with a copy of the Restraining Order issued herein February 14, 1959, and that a copy of the Restraining Order issued herein was served on Local Union No. 584 on February 14, 1959.

"And the Court further finds as a fact that Joyce Ann Clark Robinson testified under oath that she knew about the Restraining Order issued herein and its contents; that at or about 3:00 o'clock P. M. on February 26, 1959, Joyce Ann Clark Robinson threw a rock at a car driven by Doza Stone as the said Doza Stone was leaving Plaintiff's plant at the end of the 3:00 o'clock workshift; that Doza Stone was an employee of the Harriet Cotton Mills on February 26, 1959, and worked in Plaintiff's plant; that Joyce Ann Clark Robinson was a member of the picket line picketing Plaintiff's plant at or about 3:00 o'clock P. M. on February 26, 1959, at which time there were over 100 persons on said picket line.

"The Court further finds as a fact that the said Restraining Order was in full force and effect on February 26, 1959, and that Joyce Ann Clark Robinson wilfully, knowingly and intentionally violated the terms of the Restraining Order at or about 3:00 o'clock P. M. on February 26, 1959, by throwing a rock at a car driven by a person who worked in the Harriet Cotton Mills as the said worker was leaving Plaintiff's plant, thereby violating Section 1 of the Restraining Order by interfering with free egress from Plaintiff's premises, and violating Section 2 of the Restraining Order by assaulting, threatening, abusing and damaging the property of, and intimidating a person who works in Plaintiff's plant, and violating the section 4 of the Restraining Order by being on a picket line containing more than 8 persons as peaceful pickets, and participating in mass and nonpeaceful picketing, and violating Section 5 of the Restraining Order by throwing said rock at a worker's car and engaging in mass picketing thereby abusing and intimidating a person leaving plaintiff's premises and impeding a motor vehicle leaving plaintiff's premises and interfering with free egress from plaintiff's plant.

"The Court further finds that the above acts committed by the said Joyce Ann Clark Robinson were committed for the purpose of wilfully, knowingly and intentionally intimidating employees

and persons who work in or seek to work in Plaintiff's plant, and interfering with and impeding motor vehicles leaving Plaintiff's premises, and interfering with free egress from Plaintiff's plant.

"The Court further finds as a fact that Joyce Ann Clark Robinson on the 26th day of February, 1959, at or about 3:00 o'clock P. M. did wilfully, knowingly and intentionally violate the terms of the Restraining Order issued herein.

"NOW, THEREFORE, the Court does hereby find, and IT IS ORDERED AND ADJUDGED that Joyce Ann Clark Robinson is in contempt of this Court for wilfully, knowingly and intentionally violating the terms of the Restraining Order issued herein.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Joyce Ann Clark Robinson be confined to the common jail of Vance County for a period of 2 days and pay a fine of $250.00."

Judge Mallard entered a substantially identical order as to Juanita Raines, respondent, with this exception, respondent Robinson is a member of Local Union No. 584 (Henderson Cotton Mills), and respondent Raines is a member of Local Union No. 578 (Harriet Cotton Mills). The punishment imposed in each order is the same.

From the orders, respondents appeal to the Supreme Court.

*Perry & Kittrell, Charles P. Green, A. W. Gholson, Jr., and Alton T. Cummings for plaintiff, appellee.*

*W. M. Nicholson, James B. Ledford, James J. Randleman and L. Glen Ledford for respondents, appellants.*

PARKER, J.　Respondents have filed a joint brief. In their brief they have brought forward and discussed only two of their four assignments of error appearing in the record.

Assignments of error Numbers Two and Four are not set out in their brief, and in support of them no reason or argument is stated or authority cited. They are taken as abandoned by respondents. Rule 28, Rules of Practice in the Supreme Court. 221 N.C. 544, 563; *S. v. Clayton, ante,* 261, 111 S.E. 2d 299.

Respondents' assignment of error Number One is: Respondents except to the findings of fact and conclusions of law of the Court finding each of them in wilful contempt of Court, and except to the judgment. This is a broadside exception, which fails to point out any particular findings of fact, and does not bring up for review the sufficiency of the evidence to support the findings of fact. *Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America*

*(AFL-CIO), Doug Rose, et al.,* docketed here as Number 392, *post,* 419, 111 S.E. 2d 526; *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d **916;** *Hickory v. Catawba County,* 206 N.C. 165, 173 S.E. 56. However, a careful examination of the evidence in the record shows there is substantial competent evidence to support Judge Mallard's findings of fact in both orders, even though he was mistaken in finding as a fact that Joyce Ann Clark Robinson testified that she knew about the contents of the restraining order, though he was correct in finding that she testified that she knew about the restraining order. This being true, his findings of fact in both orders are conclusive and not reviewable on appeal. *Young v. Rollins,* 90 N.C. 125; *Wood Turning Co. v. Wiggins,* 247 N.C. 115, 100 S.E. 2d 218, and cases there cited; 17 C.J.S., Contempt, Sec. 124(d). Respondents' assignment of error Number One is overruled.

Respondents' assignment of error Number Three is that respondents were denied due process of law, because they were denied the right to confront Eva Walker Robinson, Doza Stone, and Sheriff E. A. Cottrell. This assignment of error made by each respondent is not based on any exception taken at the hearing. It appears from the record that the show cause orders served on the respondents were heard jointly and at the same time by Judge Mallard, though he entered separate orders. There were no objections by respondents, or either of them, to the admission in evidence of the above mentioned affidavits, no request by respondents, or either of them, that the affidavits be stricken out, and no request by respondents, or either of them, to confront Eva Walker Robinson, Doza Stone, and Sheriff E. A. Cottrell, and to cross-examine them, or either one of them. It would seem to be fair inferences from the evidence that Eva Walker Robinson, Doza Stone, and Sheriff E. A. Cottrell were readily available as witnesses, if respondents had desired to confront and to cross-examine them, or either of them, and if respondents, or either of them, had made such a request, the Judge would have granted it. Upon authority of *Harriet Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), Johnny Rose, et al.,* docketed here as Number 385, *ante,* 218, 111 S.E. 2d 457, which decided the precise question here presented, this assignment of error is overruled.

Judge Mallard's findings of fact in both orders support his conclusions in both orders and his orders based thereon. *Erwin Mills v. Textile Workers Union,* 234 N.C. 321, 67 S.E. 2d 372; *Erwin Mills v. Textile Workers Union,* 235 N.C. 107, 68 S.E. 2d 813; *Wood Turning Co. v. Wiggins, supra; Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America (AFL-CIO), Doug Rose, et al.,* docketed here as Number 393, *ante,* 240, 111 S.E. 2d 471. Respond-

COTTON MILLS *v.* LOCAL 584.

ents' assignment of error Number Three is overruled. Judge Mallard's orders are

Affirmed.

HIGGINS, J., not sitting.