HENDERSON COTTON MILLS v. LOCAL UNION NO. 584, TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); DOUG ROSE, NICK LANGLEY, RUFUS STRANGE, M. LUTHER JACKSON, VERNON W. BURNETTE, ANDREW C. TURNER, CARL C. MOORE, RALPH F. HARRIS, WILLARD O. FAULKNER, JAMES B. H. ROBERSON, ALBERT L. BATTON, HENRY W. STALLINGS, EDWARD J. OFTEN, JAMES E. REARDON, RICHARD F. PARROTT, CLARENCE E. HARPER, JOHN E. STALLINGS, JOE HALE, JOHN LONG, HARRY HICKS, EDWIN ELLINGTON, COY L. PEGRAM, SHERMAN FERRELL, FRANK O. TURNER, LINVEL NELSON, SIDNEY WALLACE, PHIL HARRIS, ELMORE MURPHY, MACON RENN, JOHN OWEN, CLIFTON CARTER, SANDY SAM ROBERSON, JAMES BARKER, EDWARD MOSELEY, WILLIAM TART, MELVIN BRAME, HERMAN MULCHI, R. TALMADGE HARPER, BILLY THOMPSON, JOHN G. MULCHI, JAMES M. WILKERSON, AND ALL OTHER PERSONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME.

(Filed 16 December, 1959.)

1. **Appeal and Error § 38—**

Assignments of error not set out in defendant's brief and in support of which no reason or argument is stated or authority cited will be deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

2. **Appeal and Error § 22—**

An exception to the findings of fact and conclusions of law and the judgment of the court is a broadside exception which does not present for review the sufficiency of the evidence to support the findings.

3. **Contempt of Court § 6—**

Findings of the court that the respondents with knowledge willfully violated the restraining order theretofore issued in the cause *held* supported by substantial competent evidence and binding on appeal.

4. **Constitutional Law §§ 31, 37: Contempt of Court § 6: Criminal Law § 155—**

In proceedings under an order to show cause why respondents should not be held in contempt of court for the willful violation of a restraining order, the admission of affidavits tending to establish specific acts done by respondents in violation of the order will not be held for error when respondents, represented by counsel, do not object to the admission of the affidavits or indicate any desire to cross-examine any affiant on the hearing, or move to strike, or except to the order on such ground,

and it is a fair inference from the record that the affiants were readily available as witnesses since respondents will be held to have waived their rights of confrontation.

HIGGINS, J., not sitting.

APPEAL by respondent Collis Delon Strickland from an order of *Mallard, J.,* 25 May 1959 Special Criminal Term, of VANCE.

This proceeding, docketed here as No. 392, was heard upon an order, issued by Judge Bickett on 4 March 1959 and served on respondent on 5 March 1959, commanding respondent to appear before Judge Bickett at 10:00 a. m. o'clock on 11 March 1959 in the Superior Court courtroom at Henderson, Vance County, and to show cause, if any he can, why he should not be held in contempt of court for the alleged violation of a temporary restraining order issued by Judge Bickett on 13 February 1959. On the return date of the show cause order, Judge Bickett continued the hearing until he set another date. On 29 April 1959, Judge Bickett, with the consent of counsel for petitioner and respondent, ordered the show cause order to be heard before Judge Mallard at the aforesaid Special Criminal Term of Court.

The relevant parts of Judge Bickett's temporary restraining order are set out in the case of *Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America (AFL-CIO), Doug Rose, et al., ante,* 240, 111 S.E. 2d 471, docketed here as Number 393, to which reference is hereby made. It would be supererogatory to repeat them here.

This case, in which the show cause order here was issued, was instituted on 13 February 1959, and within due time, summons, copies of the complaint and of the temporary restraining order were served on the defendants. Defendants, and each one of them, filed an answer. On 5 March 1959, Judge Bickett on motion of plaintiff, the attorney for the defendants not resisting the motion, ordered that the temporary restraining order be continued in full force and effect until the case shall be heard on its merits. The restraining order was in full force and effect at all times relevant to this proceeding.

The affidavits of W. S. Etheridge, a North Carolina State Highway Patrolman, and E. A. Cottrell, Sheriff of Vance County, were attached to and made a part of the show cause order served on respondent.

At the hearing before Judge Mallard plaintiff introduced in evidence these two affidavits. The affidavit of Etheridge is to this effect: He was on duty at the Henderson Cotton Mills on 25 February 1959. About 3:05 p. m. on that day he was riding north on Williams Street in a patrol car driven by Sergeant T. E. Cook. When they approached

the intersection of Williams and Main Streets, there was a crowd of at least 75 to 100 people gathered on the west side of Williams Street. The workers' automobiles were leaving the main gate, and some of them were going down Williams Street. They saw a rock hit a car. They stopped. He got out, and circled behind the main body of the crowd. At this time he saw a man about 10 feet away throw a rock at a pickup truck, which was driven by a worker leaving the Henderson Cotton Mills: He placed him under arrest. The arrested man said he was Collis Delon Strickland. This occurred about 150 feet from the main gate of the mill, and within plain sight of a bulletin board 75 feet from the main gate on which was posted a copy of Judge Bickett's restraining order. The affidavit of Sheriff Cottrell is to this effect: On 14 February 1959 two copies of Judge Bickett's temporary restraining order were posted conspicuously on bulletin boards on either side of each gate at the Henderson Cotton Mills, two copies were posted on either side of the courthouse door in Henderson, a copy of the order has been published in Henderson, the contents of the order publicized over the radio, and the order is of general knowledge throughout the county.

Respondent testified at the hearing, as did Catherine Roberson and Myrtle Hughes, in his behalf.

Respondent Collis Delon Strickland's testimony is to this effect: He is a member of the Union, and is now on strike. He was in the crowd of people numbering about 300. He threw no rock. A rock came over his shoulder. A patrolman came through the crowd, grabbed two men, and asked if they threw the rock. They replied, "No." The patrolman grabbed him, saying "you threw that rock." He didn't open his mouth, and the patrolman arrested him. He testified on cross-examination: "I knew about the contents of the restraining order before this occurrence." His further testimony on cross-examination is to this effect: He saw several rocks hit cars, but did not see any one throwing rocks. The testimony of Catherine Roberson and Myrtle Hughes is to the effect that they were standing in the crowd near Strickland, and that Strickland threw no rock. The record shows that respondent is not a defendant in this case.

Judge Mallard's order is to this effect: Collis Delon Strickland was represented by counsel at the hearing, that he filed an answer to the show cause order, that plaintiff and he offered evidence, and that counsel for plaintiff and respondent were heard. In his order he found the following facts: The temporary restraining order issued by Judge Bickett was in full force and effect at all times relevant to this hearing. Respondent knew the contents of the restraining order before 25 February 1959. That Collis Delon Strickland wilfully, knowingly and

intentionally violated the terms of the restraining order on 25 February 1959 by throwing a rock at a pickup truck driven by a person who worked in the Henderson Cotton Mills as the worker was leaving the mills and by being one of 300 pickets engaged in non-peaceful picketing, in violation of sections one, two and four of the restraining order. Whereupon, Judge Mallard adjudged him in contempt of court, and ordered him to be confined in jail for twenty days and to pay a fine of $100.00.

From this order, respondent appeals.

*Perry & Kittrell, Charles P. Green and A. W. Gholson, Jr., for plaintiff, appellee.*

*W. M. Nicholson, James B. Ledford, James J. Randleman and L. Glen Ledford for respondent, appellant.*

PARKER, J. Respondent has brought forward and discussed in his brief two of his four assignments of error appearing in the record.

Assignments of error Numbers Two and Four are not set out in his brief, and in support of them no reason or argument is stated or authority cited. They are taken as abandoned by respondent. Rule 28, Rules of Practice in the Supreme Court. 221 N.C. 544, 563; *S. v. Clayton, ante,* 261, 111 S.E. 2d 299.

His assignment of error Number One is, he excepts to the findings of fact and conclusions of law of Judge Mallard finding him in wilful contempt of court, and he excepts to the judgment. This is a broadside exception, which fails to point out any particular finding of fact, and does not bring up for review the sufficiency of the evidence to support the findings of fact. *Kovacs v. Brewer,* 245 N.C. 630, 97 S. E. 2d 96; *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d 916; *Hickory v. Catawba County,* 206 N.C. 165, 173 S.E. 56. However, there is substantial competent evidence to support Judge Mallard's findings of fact, and this being true, his findings of fact are conclusive and not reviewable on appeal. *Young v. Rollins,* 90 N.C. 125; *Wood Turning Co. v. Wiggins,* 247 N.C. 115, 100 S.E. 2d 218, and cases there cited; 17 C.J.S., Contempt, Sec. 124 (d). Assignment of error Number One is overruled.

Respondent's assignment of error Number Three is that respondent was denied due process of law because he was denied the right to confront Patrolman Etheridge and Sheriff Cottrell, and to cross-examine them. This assignment of error is not based on any exception taken at the hearing. Respondent at the hearing was represented by counsel. There was no objection by respondent to the admission in evidence of the affidavits of Etheridge and Cottrell, no request that they be strick-

---

en out, and no request to confront Etheridge and Cottrell, and to cross-examine them. It would seem to be fair inferences from the evidence that Patrolman Etheridge and Sheriff Cottrell were readily available as witnesses, if respondent had desired to confront and to cross-examine either or both, and if he had made such a request, the Judge would have granted it. Under the facts here respondent waived his constitutional right to confront Etheridge and Cottrell, and to cross-examine them. Upon authority of *Harriet Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), Johnny Rose, et al.,* docketed here as Number 385, *ante,* 218, 111 S.E. 2d 457, which decided the precise question here presented, this assignment of error is overruled.

Judge Mallard's findings of fact support his conclusions and his order based thereon. *Erwin Mills v. Textile Workers Union,* 234 N.C. 321, 67 S.E. 2d 372; *Erwin Mills v. Textile Workers Union,* 235 N.C. 107, 68 S.E. 2d 813; *Wood Turning Co. v. Wiggins, supra; Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America (AFL-CIO), Doug Rose, et al.,* docketed here as Number 393, *supra.* Respondent's assignment of error Number Three is overruled. Judge Mallard's order is

Affirmed.

HIGGINS, J., not sitting.